October 20, 1978.

M. P. No. 77-233. Sylvia D. Halliwell *v.* Lippitt Realty Co., Inc. *et al.* The plaintiff is the petitioner in a divorce proceeding in the Family Court. While matters relative to the parties' real and personal property were pending in that court, she commenced a civil action in the Superior Court against her husband and the defendant corporation. Her complaint alleges that, in April 1963, she and her husband owned certain real estate as joint tenants; that the husband organized the defendant corporation and represented to her that she owned 50 percent of its stock; that in reliance upon that representation she conveyed her interest in that real estate to the corporation and guaranteed certain of its obligations; that her husband now claims to be the sole owner of the stock of that corporation. She sought, *inter alia,* a declaratory judgment that she owned 50 percent of the stock of defendant corporation. She also sought to enjoin the corporate defendant from conveying or encumbering its real estate. The Superior Court, relying on *Fox* v. *Fox,* 115 R.I. 593, 350 A.2d 602 (1976), dismissed the action as to both

defendants for lack of jurisdiction. The plaintiff appealed and we ordered her to show cause why her appeal should not be dismissed.[1]

In the *Fox* case, we held that G.L. 1956 (1969 Reenactment) §8110-3, as amended by P.L. 1972, ch. 30, §1, enlarged the Family Court's jurisdiction in matters relating to real and personal property in divorce proceedings by authorizing it to act in areas where previously the Superior Court had exclusive original jurisdiction. We further held in *Fox* that where the two courts' jurisdictions overlap, principles of comity shall control and the court whose jurisdiction is first invoked should resolve the issues presented to it.

We apply the rule in *Fox* here and conclude that, because the husband and wife were parties in the pending Family Court proceeding, the wife has not shown cause for us to interfere with the Superior Court's dismissal as to her husband. The defendant corporation, however, even though under the 1972 amendment it may be amenable to the Family Court's jurisdiction, was not a party in the pending divorce action in that court. Therefore, the wife has shown cause for us to consider the Superior Court's dismissal of her action agains the corporation. Accordingly, the plaintiff's appeal from the judgment dismissing the action against her husband is denied and dismissed, and her appeal from the judgment dismissing the action against the defendant corporation shall be placed on the argument list. *Pucci & Goldin, Samuel A. Olevson,* for plaintiff. *Francis T. Connor,* for plaintiff.

---

[1] An examination of the record in this case discloses that, even though no judgment had entered, the appeal was claimed and the papers certified to this court. To avoid the delay that would result from noncompliance with the jurisdictional prerequisite, we sua sponte remanded the papers to the Superior Court for entry of a *nunc pro tunc* judgment. *James* v. *Melrose Realty Co.,* 112 R.I. 586, 588 n.1, 313 A.2d 654, 655 n.1 (1974); *Boudreau* v. *Holzer,* 109 R.I. 81, 82-83, 280 A.2d 88, 90 (1971).