397 A.2d 900.

ROBERT F. CHRISTENSEN *vs.* HELEN S. CHRISTENSEN.

FEBRUARY 14, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J. This proceeding was brought to

modify support payments under a Family Court decree of divorce. After a hearing before the Family Court, an order was entered placing a lien on certain real property owned by the petitioner in New Hampshire. The petitioner is before us on appeal from that decree, challenging the power of the Family Court to affect title to real property situated in another state.

The record discloses that the Christensens were married on September 13, 1952. The petitioner, Robert F. Christensen, was granted an absolute divorce from respondent Helen S. Christensen by a final decree of the Family Court on November 4, 1975. The decree required petitioner to pay $84 per week for the support of the two minor children. At the time of the final decree, petitioner was employed in Montreal, Canada, with a weekly net income of $323, but his employment terminated on June 23, 1976. Shortly thereafter, he filed a motion in Family Court to modify the support obligation, claiming that his recent unemployment, which had caused a change in circumstances, warranted modification. The respondent in turn filed a motion to have petitioner adjudged in contempt for failure to make payments.

At the hearing on the motion, petitioner testified that his only income consisted of $113 per week in unemployment compensation and that his ability to pay the support obligations had been further impaired by his subsequent remarriage. He then estimated that his principal asset was his New Hampshire residence, with an approximate equity of $30,000. The respondent testified that she was currently unemployed due to illness. She also presented evidence of both petitioner's failure to make timely payments, and the present needs of the minor children.

Following the hearing, the trial justice issued a decree stating that petitioner's unemployment benefits were too sporadic to form the basis of a support order. The decree did, however, provide that:

"In the meantime, the court orders that a lien be placed against the New Hampshire property of the respondent for the sum of $75.00 per week in support of the minor children of the parties."

On appeal, petitioner contends that the trial justice exceeded his authority when he ordered the lien placed upon the New Hampshire realty. The respondent asserts that the order only indirectly affected the property, and instead operated directly in personam against petitioner, over whom the court had personal jurisdiction. She further defends the imposition of the lien by classifying it as a necessary step in securing payment of the support obligation and thus within the implied power of the Family Court.

We need not reach respondent's arguments regarding the ultimate propriety of the order, for we agree with petitioner that the decree improperly attempted to operate directly upon the New Hampshire property.

When deciding a challenge to the jurisdiction of the Family Court we have noted that the Family Court is a statutory tribunal whose powers are specifically granted by the Family Court Act. *Britt* v. *Britt,* 119 R.I. 791, 794, 383 A.2d 592, 594 (1978); *Concannon* v. *Concannon,* 116 R.I. 323, 328, 356 A.2d 487, 491 (1976); *Castellucci* v. *Castellucci,* 116 R.I. 101, 105, 352 A.2d 640, 643 (1976). An examination of the relevant statutes is unnecessary, however, for it is well settled that even courts of general jurisdiction lack authority to directly affect title to land situated in another state. *Matarese* v. *Calise,* 111 R.I. 551, 560-61, 305 A.2d 112, 117 (1973), *quoting Fall* v. *Eastin,* 215 U.S. 1, 11-12, 30 S.Ct. 3, 8, 54 L.Ed. 65, 70-71 (1909).

Readily distinguishable are those judgments which indirectly act on foreign real estate through the court's jurisdiction over the parties before it. In such situations, the court decree operates directly upon the person and not the realty. *Matarese* v. *Calise,* 111 R.I. at 560, 305 A.2d at 117. *See also United States* v. *Ross,* 302 F.2d 831, 834 (2d Cir.

1962); *Mohr* v. *Allen,* 407 F.Supp. 483, 489 n.3 (S.D.N.Y. 1076); 3 Freeman *Judgments* §§1384, -85, (5th ed. 1925).

In the present case, the judgment leaves no doubt that the lien was intended to operate directly upon the real estate and thereby affect title. It is therefore beyond the jurisdiction of the court. *Nineteen Corp.* v. *Guaranty Financial Corp.,* 246 Ark. 400, 406, 438 S.W.2d 685, 689 (1969).

The petitioner's appeal is sustained, that portion of the decree appealed from referring to the New Hampshire property is vacated, and the case is remanded to the Family Court for further proceedings.

*Charles J. Ajootian,* for petitioner.

*Howard I. Lipsey,* for respondent.