Leah SCHEUERMAN

v.

David WORONOFF.

No. 80–449–Appeal.

Supreme Court of Rhode Island.

May 17, 1983.

Robert M. Silva, Jeffrey Meyer, Middletown, for petitioner.

Kathleen Managhan, Newport, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the respondent, David Woronoff, from a decree of the Family Court awarding the petitioner, Leah Scheuerman, funds for the support of the minor child Stefan for the period during which Stefan resided with the petitioner.[1]

The parties were married on October 20, 1963, in Westport, Connecticut. Two children were born of the marriage, Stefan and Bonnie. On January 26, 1977, the parties were divorced in New Jersey. The parties had executed a property-settlement agreement in December of 1976 which was incorporated by reference but not merged in the final decree. One of the provisions awarded custody of the minor son, Stefan, to the father. Shortly after the entry of the final decree, respondent became a Rhode Island resident. Several years later, Stefan, with respondent's consent, went to live with petitioner, his mother, a New York resident, for a period of approximately five months. The respondent made no support payments for the son to petitioner.

The petitioner filed a petition in the Family Court on April 18, 1980, seeking support payments for the period that Stefan lived with her. The petitioner testified concerning the expenses she had incurred during the period the son was living with her. Various bills and expense sheets were submitted as exhibits. The petitioner was the only witness.

The trial justice, at the conclusion of the hearing, awarded petitioner $52.75 per week for the period from January 4, 1980, to April 18, 1980, and $60 per week from the date following petitioner's filing of her petition on April 18, 1980, until the time Stefan returned to respondent on May 22, 1980.[2] In addition, the trial justice awarded her certain other expenses for the period. This all came to a total of $1,191.25 plus a $200 attorney's fee. The amount was to be paid within thirty days.

The respondent raises two issues before this court: (1) did the Family Court have jurisdiction to modify or enforce the property-settlement agreement between the parties, and (2) did the trial justice err in awarding petitioner expenses incurred before the filing of the petition.

### I

The respondent contends that the Family Court did not have jurisdiction to hear and determine a petition to modify or enforce a property-settlement agreement which was executed in a foreign jurisdiction and was incorporated by reference but not merged in a foreign divorce decree. We disagree.

The Family Court is a statutory tribunal whose authority is expressly conferred by G.L.1956 (1969 Reenactment) § 8–10–3. *Christensen v. Christensen,* 121 R.I. 272, 397 A.2d 900 (1979). At the time of the filing of this petition, the statute provided that the Family Court had the authority to consider and enforce "property settlement agreements and all other contracts between persons, who at the time of execution of

---

1. The petition also raised the question of the minor child Bonnie's support payments. However, the parties agreed at the time of the hearing that it was a separate matter.

2. Apparently the trial justice's order contained some mathematical errors. The figures noted in this opinion are believed to be correct. However, our use of these sums is not intended to serve as a voucher for their accuracy. Any dispute over these figures should be resolved by the trial justice upon motion of the parties.

said contracts, were husband and wife * *."

While the appeal was pending, however, § 8–10–3 was amended by P.L.1981, ch. 319, § 1, which provided:

"There is hereby established a family court * * * to hear and determine all petitions for * * * enforcement of any order or decree granting alimony and/or child support, and/or custody and/or visitation of *any court of competent jurisdiction of another state;* modification of any order or decree granting alimony and/or child support, and/or custody and/or visitation of any court of competent jurisdiction of another state on the ground that there has been a change of circumstances; antenuptial agreements, property settlement agreements and all other contracts between persons, who at the time of execution of said contracts, were husband and wife or planned to enter into that relationship * * *." (Emphasis added.)

At the time the petition was filed, the language "of any court of competent jurisdiction of another state * * *," was not part of the statute conferring jurisdiction upon the Family Court. The amendment further provided that the act should apply retroactively to all pending cases.

The plain language of the amended statute clearly confers jurisdiction on the Family Court to hear and determine matters pertaining to custody, support, alimony, visitation, property-settlement agreements, and contracts between persons who at the time of execution were husband and wife or planned to enter into such a relationship, even though these orders, agreements, or contracts may have originated or been executed in a foreign jurisdiction.

Nevertheless, respondent argues that the statute should not be applied retroactively because it is a substantive change in the law and in such cases the law must be applied prospectively.

It is generally accepted that statutes should have prospective effect unless a clear and strong contrary intent appears from an examination of the statutory language or legislative history. *Twomey v. Carlton House of Providence, Inc.,* 113 R.I. 264, 320 A.2d 98 (1974).

■ In the instant case, there is no suggestion that the proceedings had been terminated prior to the passage of the amendment or that it was not pending before the court. The statute is perfectly clear and explicit in its terms. Public Laws 1981, ch. 319, § 1, mandates that "[t]his act shall apply retroactively to all pending actions." This statement clearly manifests the intent of the Legislature to give retroactive effect to the legislation. We therefore have no discretion to act contrary to its terms and we must apply the law in effect at the time of our decision. *See Carter v. Carter,* R.I., 413 A.2d 55, 56 (1980); *Zaharakos v. Zaharakos,* 118 R.I. 387, 388–89, 374 A.2d 101, 102 (1977).

■ Accordingly, we conclude that the Family Court has jurisdiction to hear and determine petitions pertaining to enforcement and/or modification of out-of-state child-support agreements.[3]

## II

■ The respondent also claims that the trial justice incorrectly awarded support for Stefan from January 4 to April 18, the period prior to the filing of the petition. The respondent argues that this award constitutes a retroactive modification of his child-support obligations, which procedure is impermissible.

The petitioner contends that this action is not an attempt to retroactively alter respondent's obligation, but is merely an action to enforce the provisions of the proper-

---

**3.** Arguably the Family Court already had jurisdiction under the statute in effect at the time of the hearing below. That version permitted the court to enforce "property settlement agreements and all other contracts between persons, who at the time of execution of said contracts were husband and wife * * *." *See* P.L.1980, ch. 54, § 1. Now, however, there can be no debate.

ty-settlement agreement by collecting the unpaid support owed by respondent, who is responsible for the support of the children.

According to the terms of the property-settlement agreement, the husband is responsible for the support of the children. Nothing in the agreement mandates otherwise, and no conditions are attached to the support provisions. Custody or residency does not affect or alter the terms of the husband's support obligation contained in the agreement.

The authorities relied upon by respondent involve attempts to modify or to increase past-due support payments and are therefore inapplicable. In the case before us, petitioner merely seeks to enforce the terms of the parties' agreement and recover funds she expended for the support of a child whom respondent was obligated to support.

Accordingly, we find no error made by the trial justice in his ruling.

The judgment of the Family Court is affirmed, and the respondent's appeal is denied and dismissed.