**Shelley Ann RICHTMYER**

v.

**Peter Mark RICHTMYER.**

No. 81–8–A.

Supreme Court of Rhode Island.

June 17, 1983.

Betsy E. Grossman, Newport, for petitioner.

Kathleen Managhan, Newport, for respondent.

## OPINION

WEISBERGER, Justice.

This case comes before us from a Family Court denial of the respondent's motion to dismiss his divorced wife's petition to modify the child-support provisions of a foreign divorce judgment. The only issue to be decided on appeal is whether the Family Court lacked subject-matter jurisdiction pursuant to the provisions of G.L.1956 (1969 Reenactment) § 8–10–3, as amended by P.L.1981, ch. 319, § 1.[1] We affirm.

The relevant facts may be briefly summarized. Petitioner Shelley Ann Richtmyer (Shelley) and respondent Peter Mark Richtmyer (Peter) were divorced by a judgment entered on April 23, 1975, in the Superior Court for Middlesex County, Connecticut. Pursuant to the terms of that divorce judgment, Peter was to pay Shelley $340 per month in alimony and $100 per month per child in support. After three years the latter sum was to be increased by $50. Shelley was awarded custody of the parties' two minor children.

Subsequent to their divorce, both Shelley and Peter independently moved to Newport County, Rhode Island, where on March 3, 1980, Shelley filed a miscellaneous petition to increase child support in Family Court. After a hearing, a decree was entered on May 1, 1980, finding that there had been a substantial change in circumstances. Specifically the court found: (1) that the needs of petitioner's children for support had increased, (2) that petitioner's ability to contribute to the needs of her children had decreased,[2] and (3) that respondent's ability to contribute had increased substantially since the entry of the final divorce judgment. Therefore, the order provided *inter alia* for an increase in child support.

On May 10, 1980, Peter filed a motion to stay the effect of the May 1, 1980 decree, pending an appeal to this court. However, in an apparent effort to settle this matter, the parties by their respective attorneys entered into a consent judgment that became effective on May 21, 1980. The terms of that judgment provided that respondent would pay petitioner $600 per month, to be apportioned between alimony and support, in addition to payments toward the children's tuition expenses in private school.

Shortly after this court rendered its decision in *Paolino v. Paolino*, R.I., 420 A.2d 830 (1980), Peter filed a motion to dismiss Shelley's original petition on the ground that the Family Court lacked subject-matter jurisdiction. That motion was denied by the Family Court on November 3, 1980.[3] Thereafter Peter filed a timely notice of appeal and a motion for a stay of the consent-judgment provisions with this

---

1. We need not reach respondent's contention that G.L.1956 (1981 Reenactment) § 15–5–16.2, as amended by P.L.1981, ch. 320, § 1, does not confer jurisdiction on the Family Court to modify a foreign support order since our discussion of G.L.1956 (1969 Reenactment) § 8–10–3, as amended by P.L.1981, ch. 319, § 1, is dispositive.

2. The petitioner has a serious neurological disease that prevents her from engaging in gainful employment. Polyradiculoneuritis is defined as "[a]cute infectious polyneuritis which involves the peripheral nerves, the spinal nerve roots and the spinal cord." Dorland's Illustrated Medical Dictionary at 1198 (24th ed. 1965).

3. Although not raised on appeal, respondent's motion to dismiss Shelley's miscellaneous petition was procedurally improper. Her petition was no longer pending in Family Court since it had merged into the consent judgment. *See*

*Douglas Construction and Supply Corp. v. Wholesale Center of North Main Street, Inc.*, 119 R.I. 449, 451, 379 A.2d 917, 918 (1977). Therefore, at the time respondent filed his motion to dismiss, the Family Court was powerless to grant a motion to dismiss. *Id.*

Prior to the enactment of Domestic Relations Procedure Rule 60(b)(4), during which time respondent filed his motion to dismiss, the proper procedure to vacate a Family Court judgment was to file a motion within one year of that judgment, pursuant to § 9–21–2(4). Therefore, we shall treat respondent's motion to dismiss as if it had been a motion to vacate the judgment filed pursuant to § 9–21–2(4). Although valid final judgments, including consent judgments, are generally not subject to collateral attack, *see Borozny v. Paine*, R.I., 411 A.2d 304, 306 (1980), the lack of subject-matter jurisdiction is one exception. *Id.*

court. His request for a stay was denied on February 19, 1981.

The respondent contends that this court's decision in *Paolino,* wherein we held that § 8–10–3, as amended by P.L.1972, ch. 30, § 1, did not confer subject-matter jurisdiction on the Family Court to hear motions for modification of support provisions in foreign decrees or judgments, is dispositive. We do not concur in light of P.L.1981, ch. 319, § 1.

An extensive discussion concerning the retroactive application of § 8–10–3, as amended by P.L.1981, ch. 319, § 1, is not warranted in light of our recent decision in *Scheuerman v. Woronoff,* R.I., 459 A.2d 957 (1983).

As this court has repeatedly emphasized, the authority of the Family Court to act in a given situation must be expressly conferred by statute. *E.g., Christensen v. Christensen,* 121 R.I. 272, 274, 397 A.2d 900, 901 (1979). At the time of the hearing below, § 8–10–3, as amended by P.L.1972, ch. 30, § 1, provided in pertinent part that the Family Court had the authority

"to hear and determine all * * * motions for allowance, alimony, support and custody of children * * * *wherein jurisdiction is acquired by the court by the filing of petitions for divorce, bed and board and separate maintenance* * * *."* (Emphasis added.)

Admittedly, there is nothing in that version of § 8–10–3 which confers authority upon the Family Court to modify the support provisions of a foreign divorce decree or judgment. *Paolino,* 420 A.2d at 834. However, while respondent's appeal of the denial of his motion to dismiss was pending before us, the Rhode Island Legislature responded to our invitation in *Paolino* and vested the Family Court with subject-matter jurisdiction to modify an alimony or support order entered by a foreign court of "competent jurisdiction." *Id.* 420 A.2d at

834. Hence, § 8–10–3 was amended through the enactment of P.L.1981, ch. 319, § 1, which provides in relevant part that the Family Court has the authority to hear and determine all petitions for

"enforcement of any order or decree granting alimony and/or child support, and/or custody and/or visitation of any court of competent jurisdiction of another state; *modification of any order or decree granting alimony and/or child support, and/or custody and/or visitation of any court of competent jurisdiction of another state* on the ground that there has been a change of circumstances * *.

*"This act shall apply retroactively to all pending actions."* (Emphasis added.)

It is well settled that when the Legislature expressly intends a statute to have retroactive effect, this court will adjudicate the case according to the law existing at the time of the appellate decision rather than at the time of the judgment below. *Scheuerman v. Woronoff,* 459 A.2d 957, 959 (R.I., 1983); *Bates v. Bates,* R.I., 440 A.2d 724, 727 n. 1 (1982); *Zaharakos v. Zaharakos,* 118 R.I. 387, 388–89, 374 A.2d 101, 102 (1977) (citing *Twomey v. Carlton House of Providence, Inc.,* 113 R.I. 264, 273, 320 A.2d 98, 102–03 (1974)). Therefore, § 8–10–3, as amended by P.L.1981, ch. 319, § 1, retroactively applies to and validates the consent judgment entered with respect to Shelley's petition.

Hence the respondent's appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers in the case may be remanded to the Family Court.