Walter C. **KRETZER**

v.

Dorothea **KRETZER**.

No. 84–319–Appeal.

Supreme Court of Rhode Island.

March 19, 1986.

John R. Erdmann, Middletown, for plaintiff.

Kathleen Managhan, Corcoran Peckham & Hayes, Newport, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a decree of the Family Court granting the husband's motion to modify and awarding custody of the minor children to the husband.

Walter and Dorothea Kretzer were married in Rhode Island on June 25, 1966. In January 1980 Walter initiated divorce proceedings in the State of Rhode Island. Also in 1980 the husband filed for divorce in the State of New York because Dorothea had relocated there with two of the minor children of the marriage. In April 1981 a final decree of divorce was entered in Rhode Island.[1] However, no provisions were made regarding custody of Walter, Jr., or Dawn Marie, the two minor children since at that time a domestic proceeding was pending in the State of New York. On April 21, 1982, a final judgment of divorce was entered in New York pursuant to which Dorothea was granted custody of Dawn Marie and Walter, Jr.

Although Mrs. Kretzer was awarded custody of the children, the minor Kretzers were unhappy living with their mother in New York. In August 1983, the children took it upon themselves to return to Rhode Island to reside with their father. Thus, in August 1983, the husband filed two motions in Rhode Island Family Court; (1) a motion to modify final judgment of divorce requesting modification of the provisions of the Rhode Island decree so as to grant custody of the children to the father; and (2) a second motion for ex-parte relief wherein Walter requested temporary custody of the children. The latter motion was granted.

In September 1983 Dorothea filed a motion to dismiss Walter's motion to modify the Rhode Island divorce decree arguing, inter alia, that both of Walter's motions violated the Uniform Child Custody Act and that the Rhode Island Family Court was without jurisdiction to act on the motions. Dorothea also filed motions in the New York Supreme Court seeking to enjoin Walter from bringing custody proceedings in the State of Rhode Island. Following a hearing, the New York Supreme Court entered an order prohibiting Walter from prosecuting any proceeding in any state other than New York regarding the custody of the minor children and directing him to return Walter, Jr., and Dawn Marie to their mother in New York.

Meanwhile, in Rhode Island, a hearing was held before a justice of the Family

---

1. Divorce became final on July 30, 1981.

Court on plaintiff's motion to modify the Rhode Island divorce decree and on Dorothea's motion to dismiss. After a hearing, the husband was granted temporary custody of the minor childen, and the wife's motion to dismiss was denied. One month later, the wife filed a second motion to dismiss, requesting that the Rhode Island court give the New York judgment full faith and credit and that the husband's motion to modify be dismissed. In November 1983, a trial justice of the Rhode Island Family Court heard the motion, denied Dorothea's motion to dismiss, and granted Walter's motion to modify. The trial justice noted that the Family Court had jurisdiction to consider the matter pursuant to the provisions of the Uniform Child Custody Jurisdiction Act, and in particular, pursuant to G.L.1956 (1981 Reenactment) §§ 15–14–4 and 15–14–7.

On appeal, Dorothea's main contention is that by denying her motions to dismiss, the court below committed reversible error. More specifically, she argues that the Family Court failed to comply with the jurisdictional prerequisites of § 15–14–4.[2]

This court has repeatedly held that the authority of the Family Court to act in a given situation must be expressly con-

ferred by G.L.1956 (1985 Reenactment) § 8–10–3. *Paolino v. Paolino,* 420 A.2d 830, 833 (R.I.1980); *Christensen v. Christensen,* 121 R.I. 272, 274, 397 A.2d 900, 901 (1979); *Britt v. Britt,* 119 R.I. 791, 794, 383 A.2d 592, 594 (1978); *Fox v. Fox,* 115 R.I. 593, 596, 350 A.2d 602, 603 (1976); *Rogers v. Rogers,* 98 R.I. 263, 268, 201 A.2d 140, 143 (1964). Furthermore, as we have stated on numerous occasions, subject-matter jurisdiction is an indispensable ingredient of any judicial proceeding, it can be raised by the court sua sponte at any time, and it can be neither waived nor conferred by consent of the parties. *Paolino v. Paolino,* 420 A.2d at 833; *Naughton v. Goodman,* 117 R.I. 113, 118–19, 363 A.2d 1345, 1348 (1976); *Ryan v. DeMello,* 116 R.I. 264, 266, 354 A.2d 734, 735 (1976). In the instant case, the narrow issue facing this court is whether the Rhode Island Family Court had the authority to modify the custody decree issued by the Supreme Court of New York. An examination of both the express language and legislative intent of the Uniform Child Custody Jurisdiction Act, § 15–14–4, provides the answer to this question.

The act, as adopted in this jurisdiction, "evinces a legislative intent to minimize

**2.** General Laws 1956 (1981 Reenactment) § 15–14–4 provides in pertinent part:

"Jurisdiction.—(a) the family court has jurisdiction to make a child custody determination by initial or modification decree if:

(1) the state of Rhode Island (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from Rhode Island because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in Rhode Island; or

(2) it is in the best interest of the child that the family court assume jurisdiction because (i) the child and his parents, or the child and at least one (1) party, have significant connection with Rhode Island, and (ii) there is available in Rhode Island substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) the child is physically present in Rhode Island and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4)(i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that Rhode Island is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that the family court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a), physical presence in Rhode Island of the child, or of the child and one (1) of the parties, is not alone sufficient to confer jurisdiction on the family court to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."

jurisdictional competition and conflict so that custody decisions are rendered in the state best able to protect the welfare of the child." *Paolino*, 420 A.2d at 835. By enacting the Uniform Child Custody Jurisdiction Act, the Legislature sought to "avoid relitigation of custody decisions* * * [and to] facilitate the enforcement of custody decrees * * * ." Section 15–14–2(a)(6), (7). However, this is not to say that the Legislature intended to render the Family Court totally powerless to modify a custody decree issued by a court in a sister state. Even though the Rhode Island Legislature was certainly cognizant of the importance of the full faith and credit clause in dual-state custody matters, *see Bachman v. Mejias*, 1 N.Y.2d 575, 580, 136 N.E.2d 866, 868, 154 N.Y.S.2d 903, 907 (1956) (full faith and credit clause inapplicable to custody decrees), it retained in the Family Court the power to modify foreign child-custody decrees in a narrow range of circumstances.

Section 15–14–4(a)(3) of the act empowers the Family Court to modify a decree where "the child is physically present in Rhode Island and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent * * * ."

It is our opinion that the dual concepts of comity and full faith and credit necessitate that the modification of a sister state's custody decree should occur only where the party seeking modification can demonstrate a compelling emergency. Whereas our review of the record tends to establish that such an emergency may have existed in this case, there are before us no findings by the trial justice to establish the requisite emergency situation.

Thus, for the reasons heretofore stated, the appeal is sustained, the decree appealed from is vacated, and the case is remanded to the Family Court for a full hearing and a current determination of whether a sufficient emergency existed to justify the modification of the foreign custody decree.