James W. THOMAS

v.

Philip N. JACOBS.

No. 99–79–Appeal.

Supreme Court of Rhode Island.

May 2, 2000.

Keith B. Kyle, Providence, Steven P. Maguire, for plaintiff.

Richard W. Petrocelli, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, James W. Thomas, has brought an action for contribution from the defendant, Philip N. Jacobs, following the plaintiff's payment of less than half the outstanding debt that both parties jointly incurred. In deciding this case, we adopt the provision of the *Restatement of Restitution*, § 82(1) (1937), that a person is entitled to contribution from another when, and only when, that person has discharged more than his or her proportionate share of a jointly incurred debt. In so doing, we reject the appeal.

This case came before the Supreme Court on April 11, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. The plaintiff has appealed an order denying his motion for summary judgment and granting the cross-motion for summary judgment of defendant. After hearing the arguments of counsel for the parties and examining their memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The facts of this case are not in dispute. The plaintiff and defendant each owned 50 percent of Protech Leather Apparel, Inc. (Protech), a Massachusetts corporation. In a series of transactions spanning the first half of 1995, Protech borrowed a total of one million dollars from the Bank of Braintree (bank), in Massachusetts. Each of the transactions was evidenced by a promissory note, in which each party was jointly and severally liable. Both parties executed personal guarantees. On March 11, 1996, the bank notified Protech that it was in default under the terms of the notes and made demand for payment. The payments were not forthcoming, and ultimately, in early 1997, the bank liquidated Protech's assets and applied the proceeds to the unpaid debts. The outstanding indebtedness on the loans was at least $744,241.35.

On April 30, 1997, plaintiff negotiated a settlement agreement with the bank wherein he agreed to pay $100,000 in cash and to grant the bank a $75,000 mortgage on his personal residence in full satisfaction of his personal obligation to the bank. The settlement agreement released only plaintiff from liability on his guarantee; it did not relieve defendant or any other party from liability. On May 29, 1997, defendant entered into a settlement agreement with the bank, agreeing to grant the bank a $75,000 mortgage on his personal residence in return for the bank's agreement to release him from his guarantees. The agreement did not absolve plaintiff or any other party from liability. Thereafter, plaintiff made numerous demands of defendant for contribution in the amount of $50,000, representing half the cash payment plaintiff had made to the bank. The defendant refused, and plaintiff filed this suit in Superior Court. Both parties filed motions for summary judgment. The motion justice denied plaintiff's motion and granted defendant's motion, and plaintiff's appeal followed.

■ Before reaching the substantive legal issue before us, we briefly address the choice of law issue. The parties agreed that Massachusetts law would apply to the construction of the contracts and the interpretation of the legal rights thereunder. The following analysis, however, engages equitable principles that are controlled by the laws of Rhode Island. *See Nissenberg v. Felleman*, 339 Mass. 717, 162 N.E.2d 304, 309 (1959) (Massachusetts court applied the law of the place of the contract, New York, to the legal interpretation and enforcement of the contract, but applied the law of the forum, Massachusetts, to the equitable principles of contribution).

On appeal, plaintiff argued that the motion justice's grant of summary judgment to defendant constituted reversible error. It was plaintiff's contention that the parties, as co-guarantors on the promissory notes, were jointly and severally liable for the payment of the deficiency. Therefore, plaintiff reasoned, he was entitled to contribution from defendant because plaintiff had paid more than half the parties' combined settlement amount of $250,000.

■ In general, "when one person guarantees the payment of an obligation and one of the guarantors is compelled to pay the entire sum, that guarantor has a right of contribution from other co-guarantors. This right is implied by law and governed by equitable principles." *Katz v. Prete*, 459 A.2d 81, 85 (R.I.1983). The facts of this case, however, do not fall squarely within this rule. The single issue before us is whether plaintiff is entitled to contribution from his co-guarantor when plaintiff has paid less than half the total amount owed and has secured a release in his name alone.

■ Although we have not previously addressed this issue, we have discussed the rationale behind equitable contribution. The doctrine of equitable contribution is applied to prevent one of two or more guarantors from being obliged to pay more than his or her fair share of a common burden, or to prevent one guarantor from being unjustly enriched at the expense of another. *Mellor v. O'Connor*, 712 A.2d 375, 380 (R.I.1998). Thus, when one of two guarantors pays the entire outstanding debt, he or she is entitled to contribution in the amount of half the payment. Or, if the same guarantor paid three-quarters of the outstanding debt, the guarantor could seek contribution for the amount over and above his or her share, namely one-quarter, of the debt. If this guarantor, instead, satisfies one-quarter of an unpaid liability, the guarantor would not have an action for contribution because he or she has not paid more than his or her fair share of the common burden.

■ The plaintiff argued that he has paid more than his share of the debt. According to plaintiff's calculations, the total paid in settlement was $250,000, of which amount plaintiff paid $175,000. The plaintiff's equation, however, is based on a faulty premise. The total amount owed was in excess of $700,000—plaintiff's share of which would amount to more than $350,000. The payment of $175,000, therefore, was not more than the amount that plaintiff legally was obligated to pay.

The release obtained by plaintiff evidenced the bank's intention to accept a lesser sum from him in full satisfaction of the amount due and owing from plaintiff. That agreement did not release defendant from liability nor did it release any party other than plaintiff. It follows, then, that a guarantor who is able to secure such a release has essentially renegotiated his share of the amount owed.

■ With respect to contribution, the general rule is that one guarantor is entitled to contribution from his or her co-guarantor(s) only when he or she has discharged more than his or her proportionate share. *Katz*, 459 A.2d at 85. Thus, our rule comports with the formulation set forth in "Time when Right to Contribution Arises," *Restatement of Restitution*, § 82(1), which we formally adopt at this time: "A person * * * is entitled to contribution from another when, and only when, he has discharged more than his proportionate share."[1] Because neither party in this case paid more than half the outstanding debt of more than $700,000, neither was entitled to contribution from the other party on these facts.

---

1. The *Restatement of Restitution*, § 82, cmt. *b* (1937), permits an exception that allows contribution among co-guarantors when one co-guarantor has paid less than his or her fair share of the debt and has secured a full release from the creditor for any other co-guarantor(s). Here, plaintiff did not secure a full release for defendant. Thus, according to the exception outlined in the Restatement, plaintiff was not entitled to contribution.

Therefore, the motion justice properly granted summary judgment in favor of the defendant. *See Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996) ("if our review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and if we conclude that the moving party was entitled to judgment as a matter of law, we shall sustain the trial justice's granting of summary judgment").

For these reasons, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers of the case may be returned.