**Helen J. L'HEUREUX**

v.

**David L. L'HEUREUX.**

**No. 2000–3–Appeal.**

Supreme Court of Rhode Island.

May 4, 2001.

---

John F. Pellizzari, Woonsocket, for plaintiff.

Paul P. Baillargeon, North Smithfield, for defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on April 9, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

The plaintiff, Helen J. L'Heureux (plaintiff), and defendant, David L. L'Heureux (defendant), were married in 1979 and divorced in 1997. Pursuant to the final judgment of divorce, defendant was to "maintain [plaintiff] as well as the minor children of the parties on a health insurance coverage [plan] available to him through his employment * * *." At a hearing held on March 13, 1997, defendant

testified that he would maintain health insurance coverage for his wife, pursuant to the Rhode Island Insurance Continuation Act, G.L.1956 chapter 20.4 of title 27 (act or Insurance Continuation Act). The final judgment of divorce, however, contained no reference to the act.

The defendant remarried in March 1999 and subsequently removed plaintiff's name from the health insurance plan, which was available to him through his employer. The plaintiff filed a motion to adjudge defendant in contempt. The defendant objected and filed a motion for clarification of the final decree. At a hearing held before a trial justice of the Family Court on May 18, 1999, defendant argued that he was not obligated to continue to provide health insurance for his former wife pursuant to the provisions of § 27–20.4–1. The trial justice concluded, however, that § 27–20.4–1 was inapplicable because it was not specifically set forth in either the interlocutory decree or the final judgment. The trial justice found defendant in willful contempt of the court's order and awarded plaintiff attorney's fees. The defendant appealed.[1] On appeal, defendant argues that the trial justice erred in finding that § 27–20.4–1 does not apply to this judgment. For the following reasons, we agree.

 "The maintenance of health insurance is a form of support, the award of which is within the trial court's discretion." *Thompson v. Thompson,* 642 A.2d 1160, 1165 (R.I.1994). General Laws 1956 § 8–10–3 authorizes the Family Court "to hear and determine all petitions for divorce from the bond of marriage and from bed and board." In *Richtmyer v. Richtmyer,*

461 A.2d 409, 411 (R.I.1983), we held that "the authority of the Family Court to act in a given situation must be expressly conferred by statute." Although § 8–10–3 does contain broad language that authorizes the Family Court to hear "such other equitable matters arising out of the family relationship," § 8–10–3 does not expressly authorize the Family Court to award continuing health care coverage. The Insurance Continuation Act, however, does authorize continuing health care coverage in cases of divorce. *See* § 27–20.4–1. Accordingly, because § 27–20.4–1 specifically addresses the issue of continuing health care coverage in the case of a divorce, and because § 8–10–3 does not, § 27–20.4–1 applies whenever a party to a divorce is ordered to continue to provide health care coverage for his or her former spouse. While a Family Court justice has the discretion to enter an award of continuing health care coverage, pursuant to both § 8–10–3 and § 27–20.4–1, once such an award has been entered, § 27–20.4–1 is triggered, regardless of whether § 27–20.4–1 specifically has been referenced in the final judgment of divorce.

The Insurance Continuation Act provides in pertinent part:

"In the event of a final judgment of divorce, whether absolute or otherwise, where one party to the divorce was at the time of the entry of the judgment for divorce a member of a health plan providing family coverage * * * the person who was the spouse of the party prior to the entry of judgment for divorce may remain eligible for continuing benefits under the plan and health maintenance organization without additional

---

1. At the same time, defendant filed a separate complaint seeking relief from the judgment, pursuant to Rule 60(b)(4) of the Family Court Rules of Procedure for Domestic Relations. The trial justice denied defendant's complaint, finding that G.L.1956 § 27–20.4–1 was inap-

plicable because it had not been cited specifically in the final decree. The defendant also appealed from that determination. Both cases have been consolidated into the instant appeal.

premium or examination if the order is included in the judgment when entered. *The eligibility shall continue as long as the original member is a participant in the plan or health maintenance organization and until either one of the following shall take place: (1) the remarriage of either party to the divorce, or (2) until a time as provided by the judgment for divorce.* If the person [eligible for continuing health care benefits] * * * becomes eligible to participate in a comparable plan or health maintenance organization through his or her own employment, the continuation of the original plan coverage shall cease." Section 27–20.4–1(a). (Emphasis added.)

■ Our canons of statutory construction are well settled. When the language of a statute is clear and unambiguous, we must interpret the statute literally and give the words of the statute their plain and ordinary meanings. *See Sindelar v. Leguia,* 750 A.2d 967, 970 (R.I.2000). The clear and unambiguous language of § 27–20.4–1 requires that health insurance benefits, when provided for in a final decree of divorce, continue at no cost to the former spouse of the party participating in the plan as long as the plan participant is still a member of the plan and until (1) either party remarries, or (2) a time provided by the judgment of divorce. Furthermore, the continuation of the original plan coverage shall cease when the former spouse becomes eligible to participate in a comparable health plan through his or her own employment.

■ In the instant case, defendant remarried. He subsequently notified his employer, who notified plaintiff that she no longer was eligible for coverage at no cost under defendant's health insurance policy, but that she could begin single coverage at a cost of $179.95 per month. Section 27–

20.4–1 dictates that result. There also was evidence in the record to suggest that plaintiff may have had insurance available to her through her own employment. If that insurance was comparable to the coverage provided under defendant's plan, the act also would have required that plaintiff's coverage under defendant's plan cease. Furthermore, the parties each testified about their understanding of the agreement that they each had negotiated by and through counsel. Specifically, defendant testified that he would maintain medical coverage for himself, his former spouse, and his children, pursuant to the act. Opposing counsel did not object and had no questions for defendant. The parties apparently understood and intended that the act would govern. The plaintiff cannot sidestep the applicability of the act merely because the act was not specifically referenced in the final judgment of divorce.

In the instant case, the trial justice interpreted the language in the final judgment of divorce—"[t]he [d]efendant shall maintain the [p]laintiff * * * on a health insurance coverage [plan] available to him *through his employment*"—to mean that the defendant had to provide health insurance coverage for his former spouse as long as he was employed. The trial justice's interpretation is illogical because it fails to take into account any circumstances under which equitable considerations would dictate that the plaintiff's health insurance end. Specifically, the trial justice held that the defendant had to maintain insurance coverage for his former spouse "through his employment," regardless of whether the plaintiff actually had or should have had health insurance coverage available to her through other sources, and regardless of either party's marital status. We conclude that the phrase "through his employment" more appropriately directs

the defendant's attention to the source of the health insurance coverage; it does not specify the duration of coverage.

For the reasons set forth, the defendant's appeal is sustained and the judgment of the Family Court is vacated. The papers of the case are remanded to the Family Court for further proceedings consistent with this opinion.