Ernest BARONE

v.

Martha C. O'CONNELL.

No. 2000–275–APPEAL.

Supreme Court of Rhode Island.

Nov. 28, 2001.

Ernest G. Barone, North Providence, for Plaintiff.

Jeremiah C. Lynch, III, Newport, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this case, the defendant, Martha C. O'Connell (O'Connell), appeals from a judgment of the Superior Court denying her motion to dismiss for lack of subject matter jurisdiction and from the grant of summary judgment in favor of the plaintiff, Ernest Barone (Barone).

Barone and O'Connell were previously married. During their marriage, they purchased approximately seventeen acres of Vermont real estate as tenants by the entirety. They both signed a mortgage note secured by the land.

On October 10, 1991, an amended final judgment of divorce was entered in the Providence County Family Court, part of which ordered that the Vermont real estate be sold and the net sales proceeds be divided equally between the parties. In February 1992, Barone filed a motion in the Providence County Family Court requesting that O'Connell's share of any sales proceeds be reduced to reflect Barone's continued financial contributions to the real estate. The motion was denied. Subsequently, the property was listed for sale, but no offers were received.

In 1997, after paying the mortgage in full, Barone filed an action in the Providence County Superior Court seeking contribution from O'Connell for half of all payments Barone made for real estate mortgage payments and taxes.

On March 7, 2000, the hearing justice denied O'Connell's motion to dismiss for lack of subject matter jurisdiction and granted summary judgment in favor of Barone for $5,998.76, plus interest. O'Connell appeals.

This case came before a single justice of this Court, who ordered the parties to show cause why this appeal should not be summarily decided. After hearing their arguments and considering their legal memoranda, we conclude that cause has not been shown and proceed to summarily decide the appeal.

"The Superior Court of Rhode Island is a trial court of general jurisdiction. It is granted subject-matter jurisdiction over all cases unless that jurisdiction has been conferred by statute upon another tribunal." *Chase v. Bouchard*, 671 A.2d 794, 796 (R.I.1996) (citing *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, 419 A.2d 274, 279 (R.I. 1980)).

This Court has held that unless the Legislature confers upon a tribunal " 'exclusive original jurisdiction' " over matters that had been within the authority of another tribunal, the authority so conferred is concurrent with that of the original tribunal." *Lubecki v. Ashcroft*, 557 A.2d 1208, 1213 (R.I.1989). General Laws 1956 § 8–10–3, as amended by P.L.1972, ch. 30, § 1, broadened the Family Court's jurisdiction in matters of real and personal property in divorce proceedings by authorizing it to act in areas previously under the exclusive jurisdiction of the Superior Court. "[W]here the two courts' jurisdictions overlap, principles of comity shall control and the court whose jurisdiction is first invoked should resolve the issues presented to it." *Halliwell v. Lippitt Realty Co.*, 121 R.I. 927, 927, 394 A.2d 708, 709 (1978) (mem.).

In this case, the Family Court did not have original and exclusive jurisdiction over the present controversy. That

court's involvement with these parties ended when it ruled on and denied Barone's motion to modify the final judgment of divorce. The Family Court made no order regarding the final and full payment of the note and mortgage on the real estate. It could not have exercised jurisdiction over Barone's contribution claim concerning final and full payment of the note and mortgage because Barone had not yet paid the balance of the mortgage on the subject property. That occurred more than five years after the amended final judgment of divorce. The Superior Court, we conclude, properly exercised its jurisdiction over Barone's equitable contribution claim against O'Connell.

 "The doctrine of equitable contribution is applied to prevent one of two or more guarantors from being obliged to pay more than his or her fair share of a common burden, or to prevent one guarantor from being unjustly enriched at the expense of another." *Thomas v. Jacobs*, 751 A.2d 732, 734 (R.I.2000) (citing *Mellor v. O'Connor*, 712 A.2d 375, 380 (R.I.1998)). A person is entitled to contribution only when he has discharged more than his proportionate share. *Thomas*, 751 A.2d at 734.

Neither Barone nor O'Connell have been able to secure a buyer for the real estate, and neither party has purchased the other's interest. The real estate remains in the names of both parties, who each possess a fifty percent interest in the property free of any liens or encumbrances. It is undisputed that Barone continued to make mortgage and tax payments on the land. If the property is sold, the divorce decree requires that proceeds from the sale are to be divided equally between the parties. O'Connell would be unjustly enriched by such a distribution. Barone is entitled to equitable contribution from her.

For the foregoing reasons, the defendant's appeal is denied and dismissed. We affirm the Superior Court's denial of the defendant's motion to dismiss for lack of subject matter jurisdiction and grant of summary judgment in favor of the plaintiff. The papers in this case are to be returned to the Superior Court.