Julie Bowers SCHWAB

v.

Walter B. SCHWAB.

No. 2005–38–Appeal.

Supreme Court of Rhode Island.

May 3, 2006.

Heather LaFreniere, Louis M. Pulner, for Plaintiff.

William J. Lynch, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice FLAHERTY, for the Court.

Does the Rhode Island Family Court have jurisdiction to set aside a Connecticut Family Court divorce judgment and marital settlement agreement entered into in Connecticut for lack of enforceability? A motion justice of the Family Court recently said "no" to this question, and the defendant, Walter B. Schwab, appeals from that order.

In 1984, Walter and Julie Bowers Schwab were divorced in the State of Connecticut. Both parties voluntarily executed a marital settlement agreement, which was incorporated, but not merged in the final judgment of divorce of the Connecticut Family Court. The settlement agreement provided, among other things, that Walter was to pay alimony to Julie for her lifetime so long as Walter did not die and Julie did not remarry. After the divorce, Walter moved to Rhode Island and Julie, to Maine.

It appears from the record that Walter has not always lived up to his alimony obligations. Consequently, Julie has asked the Rhode Island Family Court on more than one occasion to order Walter to pay her alimony in accordance with the settlement agreement. Most recently, in June 2003, Julie filed a motion in Family Court seeking specific performance of the property settlement agreement. In response, Walter moved to set aside the Connecticut judgment of divorce and the settlement agreement for lack of enforce-

ability as a matter of law.[1] He argued that the judgment and settlement agreement were illegal because they provided for an increase in his alimony obligations upon the expectation of an inheritance from his mother. This, he asserted, contravened Connecticut law. The Family Court denied Walter's motions because the motion justice ruled that the Family Court did not have jurisdiction to determine whether a Connecticut Family Court judgment and a marital settlement agreement executed and entered into in the State of Connecticut were void as a matter of law.[2] Walter then asked the court to reconsider its decision to deny his motions. But, on September 15, 2004, the court denied Walter's motion to reconsider, again holding that the court lacked jurisdiction to even consider whether the Connecticut judgment and settlement agreement should be set aside. On appeal, Walter argues that the motion justice erred when he ruled that the Family Court did not have jurisdiction to determine the validity of a Connecticut judgment and a settlement agreement entered into in Connecticut.[3] We agree.

### Analysis

We have said that "the Family Court is a statutory tribunal whose powers are specifically granted by the Family Court Act." *Christensen v. Christensen*, 121 R.I. 272, 274, 397 A.2d 900, 901 (1979). Among these powers is the authority to "hear and determine all petitions for * * * enforcement of any order or decree granting alimony * * * *of any court of competent jurisdiction of another state;* [and] modification of any order or decree granting alimony * * * *of any court of competent jurisdiction of another state* on the ground that there has been a change of circumstances * * *." G.L.1956 § 8–10–3(a). (Emphases added.)

In *Scheuerman v. Woronoff*, 459 A.2d 957 (R.I.1983), this Court was confronted with the question of whether the Family Court had jurisdiction to modify or enforce a settlement agreement that was incorporated by reference, but not merged in a final divorce decree of a New Jersey court. We interpreted § 8–10–3(a) and held that

> "[t]he plain language of the amended statute clearly confers jurisdiction on the Family Court to hear and determine matters pertaining to custody, support, alimony, visitation, property-settlement agreements, and contracts between persons who at the time of execution were husband and wife or planned to enter into such a relationship, even though these orders, agreements, or contracts may have originated or been executed in a foreign jurisdiction." *Scheuerman*, 459 A.2d at 959.

and it is clear that the motion justice denied Walter's motion to set aside the Connecticut judgment and settlement agreement on the basis that he lacked jurisdiction to decide the motion on the merits. Once that determination was made, the motion justice considered himself to be precluded from reaching the merits of the motion. Moreover, Walter has raised only the issue of jurisdiction on appeal. Accordingly, we afford no value to Julie's argument that Walter impermissibly attempted to limit our review of this matter, and that we should affirm the motion justice's decision on other grounds.

---

1. Walter also moved to terminate alimony.

2. The motion justice made this determination during a conference held in his chambers at which counsel for the parties were present. Unfortunately, no record of this meeting was ever made. This Court repeatedly has said that we frown upon the practice of disposing of a matter in chambers without a record.

3. Julie argues that even if the motion justice was incorrect on the jurisdictional issue, he should be affirmed on other grounds. We have thoroughly reviewed the briefs and the portion of the transcript that was provided,

Here, as in *Scheuerman*, a foreign court of competent jurisdiction entered a final judgment of divorce, and a settlement agreement, which was incorporated by reference in the judgment, was executed by the parties in that jurisdiction. Consistent with our clear statement in *Scheuerman*, we hold that the Family Court had jurisdiction to decide Walter's motion to set aside the Connecticut judgment and settlement agreement on the merits, and that the hearing justice committed a fundamental error when he denied that motion as well as the motion to reconsider.

### Conclusion

For the foregoing reasons, we vacate the order of the Family Court, to which we remand the papers in this case.