LEVI O. BERRY *vs.* SOMERSET RAILWAY.

Kennebec.    Opinion February 17, 1897.

*Practice.    Disposition of Case.    Power of Court.*

If the parties to an action pending in court agree to enter it "neither party, no further suit for the same cause," and it is so entered and there is neither fraud nor mistake in the making of the agreement or the entry, it is a disposition of the cause, binding upon the parties, and cannot be changed by the court, unless the parties consent to the change.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*E. W. Whitehouse and W. H. Fisher*, for plaintiff.

The matter was within the province and jurisdiction of the justice presiding. *Lothrop* v. *Page*, 26 Maine 119; *Woodcock* v. *Parker* 35 Maine, 138; *Lewis* v. *Ross*, 37 Maine, 230.

The entry had not gone to final judgment. The defendant could not be injured, as all his costs of witnesses, etc., would have to be paid by plaintiff before another action could be instituted.

It is matter purely within scope of the judge's power sitting at nisi to act in such case. Like all other entries when error, manifest mistake and great wrong have been done, or committed,

to right the wrong and change decree to what it should be, to the end that justice should be done.

The fact that entry was made by agreement of attorneys does not change it in the least, for the entry is part of the record, and that entry the presiding justice, as we have seen, has the right to change, if he deems necessary.

*E. F. and Appleton Webb,* for defendant.

Counsel cited: Spaulding's Prac. p. 155; *Hutchings* v. *Buck,* 32 Maine, 277; *Coburn* v. *Whitely,* 8 Met. 273; *Blanchard* v. *Ferdinand,* 132 Mass. 389.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, STROUT, JJ.

STROUT, J.    The plaintiff not being ready for trial at the time assigned, in consequence of the absence of a witness, and the defendant being ready, was obliged to become nonsuit, unless some other disposition of the case was agreed upon by the parties.    The defendant offered to have the case entered "neither party, no further suit for the same cause."    The plaintiff consulted with his counsel upon this proposition, who explained to him fully the result of a nonsuit, and of the proposed entry.    The plaintiff thereupon consented to have the case entered neither party, no further suit for the same cause, which was done.    A few days after the entry, and during the same term of court, plaintiff changed his mind, and desired to become nonsuit.    His counsel, twelve days after the entry, made a motion to the court that the entry be stricken off and plaintiff allowed to become nonsuit.    This motion was entered upon the docket, and hearing upon it was postponed to the next term, at which term the motion was granted, the entry stricken off and plaintiff allowed to become nonsuit.    To this ruling of the court exceptions were taken.

The original entry was made by agreement of parties.    There is no suggestion of fraud or mistake, or that counsel exceeded his authority.    If the agreement had been reduced to writing and signed by the parties, it would have bound them.    Defendant's

relinquishment of costs was a sufficient consideration for plaintiff's agreement.    Instead of putting the agreement in writing, the parties evidenced it by the entry upon the docket by permission of the court. ' It was not an entry ordered by the court, nor was it the result of any adjudication by the court.    In fact, it was an entry the court had no power to order, except by agreement of parties.    It was simply the executed agreement of parties, entered upon the docket under their authority, and was in no sense an order of court.    In the absence of fraud or mistake, the court had no more authority to change that entry, than it would have had to annul the agreement if it had been reduced to writing and signed by the parties.    Any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it becomes the duty of the court to permit such disposition; and when that is done, the action is ended, and the power of the court exhausted.

In all cases where an entry is made by the court, acting judicially, and upon its responsibility, the court has power to change the entry, if justice requires.    This case does not fall within that rule.    If parties agree to a judgment for a certain sum, or to waive a trial by jury, or that damages may be assessed by a person named, and no fraud or mistake exists, it would be the duty of the court to allow the entry to be made in accordance with the agreement; and in so doing the court acts permissively and not judicially; and the agreement of parties thus carried out by the proper entry upon the docket, is a disposition of the suit by the parties, and not by the court, and is not subject to change by order of court.    A consent decree in equity can only be set aside by consent.    *Bristol* v. *Water Works*, R. I.—(35 Atl. Rep. 884.) The exceptions must be sustained, and the original entry allowed to stand.

*Exceptions sustained.*
*Original entry to stand.*