VOLUNTEER STATE LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 69058, 70851. Promulgated February 16, 1937.

*Robert A. Littleton, Esq.*, and *F. Linton Martin, Esq.*, for the petitioner.

*Clay C. Holmes, Esq.*, for the respondent.

OPINION.

Hill: These proceedings, duly consolidated for hearing, involve deficiences in petitioner's income tax for the years 1929 and 1930 in the amounts of $1,676.21 and $2,757.98, respectively.

In the original pleadings the following issues were raised: (1) Whether respondent erred in including in income the rental value of space occupied by petitioner in its home office building; (2) whether respondent erred in disallowing a portion of the deductions claimed by petitioner for investment expense by holding that items of general expense were in part assigned to or included in investment expense in petitioner's returns, and on that ground limiting the deductions for investment expense to one-fourth of one percent of the mean of petitioner's invested assets; (3) whether respondent erred in disallowing deductions for commissions upon sales of real estate; (4) whether respondent erred in disallowing as a deduction for 1929 farm sales expenses alleged to represent expenditures for advertising for sale real estate owned by petitioner; and (5) whether respondent erred in disallowing a deduction for 1930 on account of depreciation on furniture and fixtures.

Issues (1) and (5) have been conceded and abandoned by petitioner in view of the decisions of the Supreme Court in *Helvering v. Independent Life Insurance Co.*, 292 U. S. 371, and *Rockford Life Insurance Co. v. Commissioner*, 292 U. S. 382. Issue (4) has been abandoned by petitioner because of the fact that the identical issue was raised in Docket No. 54176 (to which further reference is made hereinbelow) and was there conceded and abandoned by petitioner. Accordingly, respondent's determinations are approved in so far as they rest upon adjustments involved in issues (1), (4), and (5). Of the original issues this leaves for consideration only issues (2) and (3).

By order of the Board entered November 27, 1935, leave was granted petitioner to file a supplemental petition in each of these cases raising an issue of res judicata predicated upon facts arising since the original petitions were filed. This latter issue will be here considered, first, for the reason that if it should be decided in accordance with petitioner's contention, the estoppel of res judicata will be determinative of original issues (2) and (3), above referred to.

Petitioner is a Tennessee life insurance corporation, with its principal office at Chattanooga. Respondent determined a deficiency in petitioner's income tax for the year 1928, from which petitioner appealed to the Board under Docket No. 54176. After full hearing and consideration of the case upon the merits, the Board on April 10, 1933, promulgated its report, which is published at 27 B. T. A. 1149.

In that proceeding three issues were submitted for decision as follows: (1) Whether or not there should be included in gross income the rental value of the space occupied by petitioner in its home office building; (2) whether petitioner was entitled to deduct as an investment expense salaries paid to officers for their services in connection with investments, or whether the salaries paid to the officers constituted a general expense in part assigned to or included in investment expenses; and (3) whether petitioner was entitled to deduct as investment expense commissions paid on sales of real estate. The Board decided issues (1) and (2) in favor of the petitioner, and decided issue (3) in favor of respondent. Thereafter, on August 10, 1933, pursuant to its said report, the Board entered its decision that there was an overpayment of petitioner's income tax for 1928 in the amount of $2,719.94.

At the time the original petitions in the present proceedings were filed, the proceeding under Docket No. 54176 was pending undecided. On February 18, 1933, in Docket No. 69058, and on May 18, 1933, in Docket No. 70851, the parties filed stipulations each to the effect that the issues in these proceedings are the same as those presented in Docket No. 54176, and requested that the present cases be placed upon the reserve calendar pending decision in Docket No. 54176.

Respondent filed a petition for review of the decision of the Board in Docket No. 54176, and, while the case was pending review by the United States Circuit Court of Appeals for the Sixth Circuit, the Supreme Court of the United States, on May 21, 1934, decided the case of *Helvering* v. *Independent Life Insurance Co.*, *supra*, holding that the rental value of space occupied by a life insurance company in its home office building should be included in gross income, if deductions were claimed for taxes, expenses, and depreciation on the building.

The Supreme Court having decided this question contrary to petitioner's contention and the decision of the Board in Docket No. 54176, counsel for the parties filed a stipulation in the Circuit Court of Appeals as follows:

That the United States Circuit Court of Appeals for the Sixth Circuit may reverse and remand this cause to the United States Board of Tax Appeals for such orders as may be stipulated or jointly moved by the parties thereto.

On March 5, 1935, the Circuit Court of Appeals issued the following order:

Pursuant to stipulation of counsel, it is ordered that the decision of the Board of Tax Appeals in this cause be and the same is hereby reversed and the cause is remanded to the Board for such orders as may be stipulated or jointly moved by the parties.

On March 20, 1935, the following stipulation was filed with the Board:

It is hereby stipulated by and between the parties hereto, through their respective attorneys of record, that whereas the parties have heretofore stipu-

lated and agreed that this cause should be reversed by the United States Circuit Court of Appeals for the Sixth Circuit and remanded to this Board for such orders as may be stipulated or jointly moved by the parties, a copy of said stipulation being filed herewith:

Now, therefore, the Board upon receipt of said mandate from said Circuit Court of Appeals may find an overpayment in tax by the Volunteer State Life Insurance Company for the year 1928 in the amount of $1,535.08, and may enter its order accordingly.

On March 22, 1935, the Board entered its order as follows:

Pursuant to stipulation of the parties filed in the above entitled proceeding on March 20, 1935, in accordance with an order of the United States Circuit Court of Appeals for the Sixth Circuit entered by said Court on March 5, 1935, it is

ORDERED AND DECIDED: That there is an overpayment of tax for the year 1928 in the amount of $1,535.08.

The decision so entered has now become final.

The petitioner contends that the facts show, and the parties have so stipulated, that the issues in these proceedings are the same as those decided in Docket No. 54176 and that hence the former adjudication is determinative of the issues presented for decision here. Respondent argues that the doctrine of res judicata is not applicable for the reason, first, that the issues are not the same, and, second, because the final decision of the Board in the prior case was not a judgment upon the merits, but a "consent" judgment.

The petitioner insists that the Board's final order was the same in result as if the Circuit Court had reversed the Board's original decision on the question concerning rental value of space in the home office building and affirmed the Board's decision on all other issues involved in Docket No. 54176. However, the court affirmed no part of that decision, but reversed it in toto and directed the Board to enter such orders as might be stipulated or jointly moved by the parties. No discretion or power was either exercised or retained by the court or left to the Board to make a judicial decision of the case on the merits. The reversal and mandate by the Circuit Court was based solely upon the stipulation of the parties pursuant to an agreed plan of a settlement of the case by the parties themselves without a judicial determination.

Under the mandate of the Circuit Court the stipulation of the parties superseded the discretion and power of the Board to determine the kind of order it should enter. The force of such an order as res judicata is confined to the cause of action in which it is entered.

A "consent" judgment has been defined as a contract of the parties spread upon the record with approval and sanction of a court of competent jurisdiction. *Weaver* v. *Hampton*, 201 N. C. 798; 161 S. E. 480. A "consent decree" is not a judgment of the court, but is a contract between the parties entered into of record with the court's consent, and is not necessarily based upon pleadings or records in the

case. *Standard Supply Co.* v. *Delmar Coal Co.*, 110 W. Va. 560; 158 S. E. 907. The order in question was a disposition of the suit by the parties and not by the Board, *Berry* v. *Somerset R. Co.*, 89 Me. 552; 36 Atl. 904. It was not a judicial rendition on the merits and can not be the basis of a claim of res judicata in the present proceeding. *Almours Securities, Inc.*, 35 B. T. A. 61. Cf. *Wayne Body Corporation*, 22 B. T. A. 401; *Stanley Co. of America*, 26 B. T. A. 705.

But even if the order in question were a judicial determination, it would not constitute res judicata as to the issues in the present proceeding. The test as to what constitutes res judicata is succinctly stated in *Tait* v. *Western Maryland Railway Co.*, 289 U. S. 620, as follows:

The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the latter is the same as that litigated or determined in the original action.

The parties in this and in the previous proceeding are the same but the cause of action in Docket No. 54176 is different from that in Docket No. 69058 and in Docket No. 70851, under consideration here, since the instant proceedings involve taxes for the years 1929 and 1930 and the earlier proceeding involved taxes for the year 1928. *Tait* v. *Western Maryland Railway Co.*, *supra*. The causes of action in the prior and the present proceedings being different, the next inquiry is whether the same point, facts, or question now being litigated is the same as that involved in the previous action. The questions involved in Docket No. 54176 were (1) whether salaries paid to officers of petitioner for their services in 1928 devoted to its investments were allowable deductions as investment expenses or whether such payments constituted an assignment or inclusion in part of general expense in investment expenses, and (2) whether commissions paid on sales of real estate acquired as the result of investments were allowable as deductions either as investment expenses or otherwise. Like questions are involved in the instant proceeding as to the years 1929 and 1930.

The petitioner in 1927 adopted the plan of segregating the salaries paid to its general officers, whereby a certain amount was paid for services in connection with its general insurance business and another certain amount was paid for services devoted to its investments. Separate salary checks were issued for each character of service. The amounts of salaries so paid for each character of service were fixed in advance by agreement between the officers and petitioner's finance committee and were ratified by its board of directors. A separate agreement was made in each year from July 1, 1927, to

August 1, 1931, and in each agreement a change was made in the amounts of the salaries paid both for services in connection with the general business of insurance and for the services devoted to investments. Therefore, the questions involved in Docket No. 54176 are different from those involved in the present proceeding and res judicata has no application. *D. F. Strickland*, 32 B. T. A. 804. Cf. *United Business Corporation of America*, 33 B. T. A. 83, 87. The cases cited by petitioner to support its claim of res judicata are not in point for the reason that in each of the cited cases the point or question to be determined was the same as that in the former action. Such is not the case here.

The filing of stipulations by the parties in each of the dockets included in the present proceeding to the effect that the issues therein are the same as those presented in Docket No. 54176 does not change the fact that the issues are not the same. Such stipulations are stipulations of conclusions, without basis in facts, but contrary to them, and are not to be regarded in the decision of the case. *Commissioner* v. *Cummings*, 77 Fed. (2d) 670; *Swift & Co.* v. *Hocking Valley R. R.*, 243 U. S. 281; *Smith* v. *Commissioner*, 59 Fed. (2d) 533; *United States* v. *Pugh*, 99 U. S. 265.

On the merits, the first question for determination is whether petitioner included in its income tax returns deductions as investment expenses which were in part at least general expenses. The deductions claimed as investment expenses are as follows:

| 1929 | | 1930 | |
|---|---|---|---|
| Salary, officers | $18,401.66 | Salary, officers | $18,473.50 |
| Salary, clerks | 18,219.34 | Salary, clerks | 19,491.76 |
| Mortgage loan expenses | 5,740.34 | Directors and committee fees | 165.00 |
| Postage, telephone, and telegraph | 772.91 | Mortgage loan expenses | 7,897.28 |
| Printing and stationery | 1,670.77 | Postage, telegraph, and telephone | 847.41 |
| Licenses and fees | 15.00 | Printing and stationery | 1,572.77 |
| Investment and supervisory service | 1,033.91 | Licenses and fees | 15.00 |
| | | Inspection and supervisory expenses, mortgage loans | 1,328.87 |
| Total | 45,853.93 | Total | 49,791.59 |

Respondent contends that such expenses, although designated as compensation for services devoted to petitioner's investments, were part of the general expenses of petitioner in carrying on its insurance business and their inclusion in deductions for investment expenses makes the proviso in section 203 (a) (5) of the Revenue Act of 1928 applicable in limiting the amount allowable as such deductions to one-fourth of one percent of the mean of petitioner's invested assets. Section 203 (a) (5) is as follows:

SEC. 203. (a) *General Rule.*—In the case of a life insurance company the term "net income" means the gross income less—

   \*       \*       \*       \*       \*       \*       \*

(5) Investment expenses paid during the taxable year; Provided, that if any general expenses are in part assigned to or included in the investment expenses,

the total deduction under this paragraph shall not exceed one-fourth of one per centum of the book value of the mean of the invested assets held at the beginning and end of the taxable year.

Petitioner contends that such deductions are investment expenses, not part of the general expenses, and that it is entitled to deduct the full amount thereof.

The principal items in controversy in this connection are the salaries paid to officers of the petitioner in 1929, totaling $18,401.66, and in 1930, totaling $18,473.50, claimed as deductions for investment expenses.

In 1929 A. L. Key, the president of petitioner, was paid a salary of $10,500 for services devoted to investments and a salary of $7,000 for general services. In that year Oscar Mather, treasurer of petitioner, was paid $7,901.66 for investment services and $898.34 for general services. In the year 1930 Key was paid $10,800 for investment services and $7,200 for general services. In that year Mather was paid $673.50 for investment services and $76.50 for general services. In 1930 S. L. Phelps, who succeeded Mather as treasurer, was paid $7,000 for investment services and $4,500 for general services.

The salaries for each character of service were agreed upon in advance and paid by separate checks. The evidence is clear and convincing that the greater part of the time of the officers whose salaries are in question was devoted to the investment business of petitioner. The relative amounts of the two salaries paid to each of the officers named were determined by the estimated time devoted to each of the two services. We are convinced from the evidence that the salaries in question were investment expenses and were fair and reasonable. We, therefore, sustain the petitioner's right to deduct them as investment expenses. *Sun Life Insurance Co. of America* v. *United States* (Ct. of Cls.), 12 Fed. Supp. 450.

All of the other items included in petitioner's income tax returns as investment expenses are shown by the evidence to be properly deductible as such, except the item of $15 designated "licenses and fees." This item is clearly one of general expense and it is so conceded by petitioner. It appears, however, that it was included in investment expenses by mistake and petitioner has withdrawn it as a deduction. It is thereby eliminated from consideration.

The second question for determination is whether commissions paid in 1929 and 1930 on real estate sales are allowable deductions. Under the heading "Other real estate expenses" petitioner included in its tax return for 1929 as a deduction commissions on the sale of real estate in the amount of $4,451.42 and for 1930 a like deduction in the amount of $2,800. These commissions were listed as having been paid in 1929 and 1930 in the respective amounts above stated. The commissions actually paid in 1929 and 1930 were $1,347.50 and $737.50, respectively.

It is conceded that if a profit had been realized on the sales on which the commissions were paid it would not have been includable in petitioner's gross income for tax purposes. The commissions contributed nothing to the production of petitioner's taxable income. They were expenses incurred in business operations that had no relationship to petitioner's tax liability and hence do not constitute allowable deductions. *Rockford Life Insurance Co.* case, *supra*. Petitioner contends, however, that such commissions are investment expenses and should be deductible as such, but it did not so include them in its income tax returns. This contention can not be sustained. The investment transactions were complete when the real estate in question was acquired by petitioner. The sale of the real estate was not an investment and consequently the commissions paid thereon were not investment expenses.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN and DISNEY concur only in the result.