THERESA M. HUBLEY, *Adm'x v.* ROLAND A. GOODWIN.

SAME *v.* ROLAND A. GOODWIN *& a.*

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Hughes & Burns* (*Mr. Burns* orally), for the defendants.

Marble, J. If, as claimed by the plaintiff, the release was obtained for the city by an insurance company in settlement of an assumed liability under the employers' liability and workmen's compensation act, evidence of that fact was admissible, and the execution of the release under such conditions would not be a bar to a common-law action for negligence brought against the defendant Goodwin. *Stacy* v. *Company*, 83 N. H. 281; *Holland* v. *Company*, 83 N. H. 482, 485.

The release itself contains some evidence that such was the situation. At the time the release was given, chapter 147 of the Laws of 1937 had not been enacted, and the authority of a city to accept the provisions of the employers' liability and workmen's compensation act and render the municipality liable thereunder was doubtful. *Fox* v. *Manchester*, 88 N. H. 355, 358. The release twice refers to "compensation" and concludes with these words: "It is expressly understood and agreed that the acceptance of the said amount . . . is in full accord and satisfaction of a disputed claim, and that the payment of the said sum . . . is not an admission of liability."

It is our conclusion that the release did not discharge Goodwin as a matter of law. *Colby* v. *Walker*, 86 N. H. 568. It becomes necessary therefore to consider the plaintiff's offer of proof, the objection to which is in effect an informal motion to dismiss the bill in equity.

Since the negligence of both Goodwin and Hubley was an essential issue in the prior action at law, the judgment against Hubley in that action, if unimpeached, is a bar against the plaintiffs' right to maintain her present suit. *Chesley* v. *Dunklee*, 77 N. H. 263; *Eastman* v. *Barker*, 78 N. H. 183, 184; *Burleigh* v. *Leun*, 83 N. H. 115, 119; *Guay* v. *Association*, 86 N. H. 344, 348. And inasmuch as the judgment in question conforms to the agreement of the parties, it cannot be amended and vacated as to Hubley except on proof of "facts showing the absence of any real consent," such as fraud or remediable mistake. 3 Freeman, Judgments (5th *ed.*), *s.* 1352; *Lamarre* v. *Lamarre*, 84 N. H. 441, 444, 445, and cases cited.

It is stated as a fact in the original reserved case, which is made a part of the present transfer, that at the time of the accident to Goodwin and Hubley, the city of Portsmouth was insured with the Hartford Accident & Indemnity Company under a contract of insurance which required the indemnity company to appear and defend the action brought by Goodwin and to satisfy any verdict or judgment rendered against the city of Portsmouth or Hubley. 470 Briefs and Cases, 404.

Goodwin had a right to assume that counsel representing Hubley had full authority to consent to the entry of judgment. There is no suggestion of fraud or collusion on his part or on that of his counsel, and no facts are alleged which indicate that the attorneys in making the agreement acted under a mutual mistake either as to facts or law.

The plaintiff merely alleges that the city of Portsmouth turned over the Goodwin suit to the Hartford company, and "that said suit was taken in charge by the said insurer, and through its officers and agents said insurer, denying liability but for the purpose of buying peace and to avoid the expense of litigation, paid the sum of $250 to the said Roland A. Goodwin" and caused the entry of judgment to be made; that the agreement for judgment was merely an expeditious method to avoid trial, and that as to Hubley it was made through accident, misfortune, and mistake.

There is no suggestion that Hubley did not avail himself of the insurance coverage to which he was entitled. He accepted the services of the attorneys furnished him by the indemnity company, and any accident or misfortune he may have suffered through any mistake of theirs was chargeable to them or to the indemnity company and not to Goodwin, who, so far as appears, executed the agreement in good faith.

Since there is nothing in the alleged facts to take the case out of the rule that "an attorney may by oral or written agreement entered on the record, made an order of court, and executed by the adversary in good faith, bind his client to a final disposition of the action" (*Beliveau* v. *Company*, 68 N. H. 225, 227), the offer of proof should be rejected. *Biggio* v. *Magee*, 272 Mass. 185, 189. See, also, *Cogswell* v. *Railroad*, 68 N. H. 192.

*Motion of January 10, 1936, granted: bill dismissed.*

All concurred.