379 A.2d 917.

DOUGLAS CONSTRUCTION AND SUPPLY CORP. *vs.*
WHOLESALE CENTER OF NORTH MAIN STREET, INC.

NOVEMBER 11, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J.    This is an appeal from an order denying the
defendant's motion to dismiss the plaintiff's petition to com-

pel arbitration pursuant to G.L. 1956 (1969 Reenactment) §10-3-4.[1]

The facts are not in dispute. On April 25, 1973 plaintiff Douglas Construction and Supply Corp. entered into a contract with defendant Wholesale Center of North Main Street, Inc., for the construction of a building. One provision called for the arbitration of disputes arising under the contract. Such a dispute arose, and after defendant refused to comply with plaintiff's request for arbitration, plaintiff commenced this action in the Superior Court on May 15, 1975. Thereafter, on May 28, 1975, an order was entered directing the parties to commence arbitration proceedings on or before June 27, 1975. Prior to that date defendant moved to vacate the arbitration order on the ground that the arbitrator designated in the construction contract was disqualified because of a conflict of interest. Following a hearing on that motion a further order was entered on July 24, 1975, which was "assented to both as to *form and substance*" (emphasis added) by both parties. This order acknowledged the resignation of the named arbitrator and, without fixing a new commencement date for the arbitration proceedings, provided that

> "[i]f on or before September 15, 1975, the parties hereto cannot agree upon the method of the selection of arbitrator or arbitrators as they shall deem fit and

---

[1]General Laws 1956 (1969 Reenactment) §10-3-4 provides:

"Petition for arbitration — Hearing and reference. — The party aggrieved, by the alleged failure, neglect or refusal of another to perform under a written agreement for arbitration, may petition the superior court for the county in which any of said parties reside or has his place of business for an order directing that such arbitration proceed in the manner provided for in such agreement. Five (5) days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by law for the service of a writ of summons. The court shall hear the parties, and upon being satisfieed that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

said arbitrator or arbitrators have not in fact been selected, then either party may petition the American Arbitration Association for the appointment of arbitrators pursuant to the Rules of said American Arbitration Association and the other party shall submit to said arbitration without further order of the Court."

Sepetmber 15, 1975 passed without the parties agreeing upon a method for the selection of an arbitrator. Still, neither party petitioned the American Arbitration Association to appoint an arbitrator until May 13, 1976, when plaintiff filed a demand for arbitration with the association. That demand followed on the heels of defendant's motion "for an Order dismissing Plaintiff's petition for arbitration with prejudice." That motion was denied on August 2, 1976, and defendant appealed. We stayed the arbitration proceedings pending disposition of the appeal. *Douglas Constr. & Supply Corp.* v. *Wholesale Center of North Main Street, Inc.*, 117 R.I. 931, 366 A.2d 815 (1976).

The defendant's principal contention is that plaintiff waived its right to arbitration by waiting nearly 8 months after the September 15, 1975 date fixed in the consent order before requesting the American Arbitration Association to appoint an arbitrator. We do not reach that contention, however, because in our judgment defendant's motion to dismiss was untimely. It was filed after this litigation had been concluded by the May 28, 1975 arbitration order, as modified by the July 24, 1975 consent order. Hence, when defendant moved to dismiss plaintiff's original petition, no action was pending, the petition having been merged into the order directing arbitration. At that point the Superior Court was powerless to grant a motion to dismiss. *State Highway Dep't* v. *Noble*, 220 Ga. 410, 412, 139 S.E.2d 318, 321 (1964); *Merner Lumber Co.* v. *Silvey*, 29 Cal. App. 2d 426, 430, 84 P.2d 1062, 1064 (1938). *See Matthias* v. *Cook*, 31 Ill. 83, 88 (1863).

The defendant argues, however, that the trial justice should have articulated its motion to dismiss as a motion to vacate or modify the May 28, 1975 arbitration order as modified by the subsequent consent order. In the ordinary case Super. R. Civ. P. 60(b) empowers the Superior Court to relieve a party from an order for any of several specific reasons, including those in subsections (5) and (6) upon which the defendant relies.[2] But this is not the ordinary case, for here both parties consented to the order the defendant now seeks to have dismissed. That order cannot now be opened, changed, or set aside without the assent of the parties in the absence of fraud, mutual mistake or actual absence of consent, none of which is charged in this case. *Berry* v. *Somerset Ry.*, 89 Me. 552, 553-54, 36 A. 904, 904-05 (1897); *Hubley* v. *Goodwin*, 91 N.H. 200, 202, 17 A.2d 96, 98 (1940); *Overton* v. *Overton*, 259 N.C. 31, 37, 129 S.E.2d 593, 598 (1963); *Westfall* v. *Wilson*, 255 Ore. 428, 431, 467 P.2d 966, 967 (1970). *See Kenyon* v. *Kenyon*, 81 R.I. 223, 227, 101 A.2d 477, 479 (1953)(decree in equity); *Hyde* v. *Superior Court*, 28, R.I. 204, 214, 66 A. 292, 296 (1907)(decree in equity).

The defendant's appeal is denied and dismissed, the order appealed from is affirmed, the stay previously entered herein is vacated, and the case is remanded to the Superior Court.

*Adler, Pollock & Sheehan Incorporated,* Peter Lawson Kennedy, for plaintiff.

*Temkin, Merolla & Zurier, Amedeo C. Merolla,* for defendant.

---

[2]Super R. Civ. P. 60(b) reads in pertinent part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."