Margaret–Mary HOVARTH

v.

Walter R. CRADDOCK.

No. 2002–299–Appeal.

Supreme Court of Rhode Island.

May 23, 2003.

Joseph C. Manera, Jr., Cranston, for Plaintiff.

Daniel P. McKiernan, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Did the Family Court have jurisdiction in the circumstances of this case to adjudicate a post-divorce request by one parent seeking to require the other parent to account for certain money deposited into accounts they established for the benefit of their daughter under the former Uniform Gifts to Minors Act (UGMA) and the Uniform Transfers to Minors Act (UTMA)?[1] Answering this question in the negative, we affirm a Family Court order denying the motion of the plaintiff, Mary–Margaret Hovarth (mother), seeking to require the defendant, Walter R. Craddock (father), to provide an accounting of money spent with respect to the UGMA account of their

---

1. The General Assembly repealed the Uniform Gifts to Minors Act by P.L.1985, ch. 389, § 1, effective June 28, 1985. General Laws 1956 § 18–7–23(b) provides that the Uniform Transfers to Minors Act (UTMA) "applies to all transfers made before June 28, 1985, in a manner and form prescribed in the Uniform Gifts to Minors Act of Rhode Island, except insofar as the application impairs constitutionally vested rights or extends the duration of custodianships in existence on June 28, 1985."

daughter, Katherine Margaret Craddock (Katherine).

In the fall of 1983, mother and father established a savings account at Citizens Savings Bank under UGMA for their daughter, Katherine, who was born on September 22, 1983. Subsequently, in the mid 1980s, the parties and the father's mother established a mutual fund account and purchased a block of Citizens Savings Bank stock for Katherine pursuant to the UTMA. In December 1988, Katherine received cash for her Citizens shares, which then was deposited into her Fidelity account.[2] The mother and father divorced in 1988, and father has been in exclusive control of the accounts since that year.

On September 17, 2001, five days before Katherine's eighteenth birthday, mother filed a motion in Family Court requesting that father provide an accounting pursuant to G.L.1956 § 18–7–20(a)(1)[3] and deliver custodial property pursuant to § 18–7–15(b).[4] In response, father objected to mother's demand for an accounting, stating that he had exhausted the money in the accounts approximately ten years before mother's request for an accounting and that he no longer possessed any documentation for the accounts or the expenditures from them. Additionally, father filed a motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction.

A Family Court magistrate denied mother's motion for an accounting, reason-ing that the court lacked jurisdiction and that mother did not have standing to bring a claim on behalf of her adult daughter. The magistrate said that the Family Court lacked jurisdiction because Katherine had reached the age of majority and the property-settlement agreement and final judgment for divorce did not refer to this UTMA account or any other custodial accounts.

The mother appealed to this Court. She argues that the Family Court retained jurisdiction to hear this matter. Specifically, she asserts, when an account is established under UTMA, and when the minor beneficiary's parent is the custodian of the account and the parent and child are subject to the jurisdiction of the Family Court, then the Family Court retains jurisdiction to order the custodian/parent to render an accounting and to transfer the assets to the beneficiary. She contends that when the Legislature enacted the UTMA, it did not confer exclusive original jurisdiction on the probate court. She argues that if a legislative grant of jurisdiction is not " 'exclusive original jurisdiction' over matters that had been within the authority of another tribunal, the authority so conferred is concurrent with that of the original tribunal." *Barone v. O'Connell*, 785 A.2d 534, 535 (R.I.2001) (per curiam) (quoting *Lubecki v. Ashcroft*, 557 A.2d 1208, 1213 (R.I.1989)).

The mother also reiterates her argument that she possesses standing to de-

2. Although mother has provided us with this factual chronology, father has not disputed either the nature of the accounts established for his daughter or the dates such accounts were opened.

3. Section 18–7–20(a)(1) provides that a "minor who has attained the age of fourteen (14) years, the minor's guardian or legal representative, an adult member of the minor's family, a transferor, or a transferor's legal representative may petition the court: (1) For an ac-

counting by the custodian or the custodian's legal representative[.]"

4. Section 18–7–15(b) provides, in pertinent part, that upon petition of an interested person, "the court may order the custodian to deliver or pay to the minor or expend for the minor's benefit as much of the custodial property as the court considers advisable for the use and benefit of the minor."

mand an accounting from father in his capacity as the custodian of her daughter's account under § 18–7–20(a)(1) and to request delivery of custodial property to Katherine under § 18–7–15(b) because § 18–7–2(11) defines a minor as "an individual who has not attained the age of twenty-one (21) years." Furthermore, mother argues that Katherine is subject to the jurisdiction of the Family Court because it exercised jurisdiction over her in custody matters in 1988 and 1995 under G.L.1956 § 15–14–4(a)(1)[5] and because mother filed the motion for an accounting before Katherine had attained the age of majority. Finally, mother contends, even though her motion for an accounting would not be adjudicated until after Katherine had attained the age of majority, this circumstance should not bar relief because it long has been within the Family Court's discretion to issue an order retroactively to the date that the notice of a motion was given to the adverse party.

A single justice of this Court ordered the parties to show cause why we should not decide the appeal summarily. Because they have not done so, we proceed to resolve the appeal at this time.

The primary and, ultimately, the dispositive issue on appeal is whether the Family Court possessed jurisdiction to entertain mother's motion. If we were to decide that the Family Court possessed jurisdiction to hear mother's claim, then we would remand the case so the Family Court could decide it on its merits.

■ The Family Court's jurisdiction derives only from those powers that are expressly conferred upon it by statute. *Waldeck v. Piner*, 488 A.2d 1218, 1220 (R.I.

1985). General Laws 1956 § 8–10–3 provides, in pertinent part, that the Family Court has jurisdiction over accountings and equitable matters arising out of family relationships, "wherein jurisdiction is acquired by the court by the filing of petitions for divorce, bed and board and separate maintenance * * *." This Court has held that the Family Court's jurisdiction "cannot be extended by implication." *Waldeck*, 488 A.2d at 1220. For example, in *Rubano v. DiCenzo*, 759 A.2d 959, 964–65 (R.I.2000), we held that the Family Court did not have the authority to entertain a same-sex partner's petition for visitation based on an asserted family relationship because the action did not stem from a petition for a divorce, for a divorce from bed and board, or for separate maintenance. We held, however, that the Family Court did have jurisdiction to determine whether a mother-child relationship existed under G.L.1956 § 15–8–26 of Rhode Island's Uniform Law on Paternity because § 15–8–7(a) provided that the Family Court had jurisdiction of an action commenced under § 15–8–26. *Rubano*, 759 A.2d at 966–67.

■ We hold that the Family Court lacks jurisdiction over actions brought under UTMA because UTMA expressly confers jurisdiction on the Probate Court and no other provision allows the Family Court to assume jurisdiction of this request. Section 18–7–20(a)(1) provides, in pertinent part, that the minor's guardian "may petition the court * * * [f]or an accounting by the custodian or the custodian's legal representative[.]" In turn, § 18–7–2(5) defines "court" as the "probate court." Because the Family Court has jurisdiction

---

**5.** Although mother refers only to G.L.1956 § 15–14–4(a)(1), we assume that she meant to refer more specifically to § 15–14–4(a)(1)(i), which provides that "[t]he family court has jurisdiction to make a child custody determi-

nation by initial or modification decree if: (1)[t]he state of Rhode Island: (i)[i]s the home state of the child at the time of commencement of the proceeding[.]"

only over matters that the Legislature has expressly designated, the omission of any reference to it in UTMA precludes the Family Court from hearing this case under this statute.

■ Although the statute establishing the Family Court gives it jurisdiction over "accountings * * * and such other equitable matters arising out of the family relationship," the court has jurisdiction only if one of the parties has "fil[ed] [a] petition for divorce, bed and board [or] separate maintenance." Section 8–10–3. The mother's motion for accounting does not stem from such a petition. Although mother filed a petition for divorce in 1987, the parties' divorce became final in 1988. Neither the property settlement agreement nor the final judgment of divorce contained references to Katherine's custodial accounts. At the time of the divorce, the trial justice ordered that the issue of child support be left open because the parties had similar incomes and joint custody of the child. The custodial accounts were not mentioned in any later child-support proceedings. Because neither the final judgment of divorce nor the property settlement agreement contained any mention of the custodial accounts and because the divorce is final and Katherine has attained the age of majority, we conclude that the Family Court lacked authority to hear mother's request for father to provide an accounting vis-à-vis the UTMA account.

Furthermore, even if the Family Court possessed jurisdiction to hear UTMA claims, it would not have been able to hear the mother's claims because Katherine had reached the age of majority by the time the court adjudicated this case. General Laws 1956 § 15–5–16.2(b) authorizes the Family Court to order payment of child support and education costs for children until they reach age eighteen or for three months after their high school graduation, whichever event occurs last. *See Adam v. Adam,* 624 A.2d 1093, 1098 (R.I.1993). The property settlement agreement provided that the parties would "divide equally between them the cost of the minor child's present tuition expense." If there had been further modifications to the child-support agreement that required the father to pay a certain portion of Katherine's educational expenses, the Family Court would have been able to compel the father to pay part of Katherine's first semester of college tuition because she began college before her eighteenth birthday. The mother, however, did not argue that the father owed her money for child support or for educational expenses stemming from a previous court order. She merely attempted to exercise rights under UTMA. Therefore, the magistrate correctly denied the motion for an accounting because of lack of jurisdiction.

### Conclusion

Because the Legislature has not conferred jurisdiction on the Family Court for actions brought under UTMA and because Katherine had reached the age of majority when the Family Court ruled on these claims, we hold that the magistrate correctly concluded that the Family Court could not entertain the mother's UTMA claims in this case.[6] Accordingly, we deny the appeal and affirm the Family Court order denying the motion for an accounting.

---

**6.** As previously noted, § 18–7–23(b) provides that the plaintiff could have requested an accounting in the probate court pursuant to UTMA for an account that was established under UGMA.