Carmen K. (Marandola)
**VANDERHEIDEN**

v.

**Edward MARANDOLA, Jr.**

**No. 2009–69–Appeal.**

Supreme Court of Rhode Island.

May 5, 2010.

Clinton L. Poole, Esq., Cranston, for Plaintiff.

Edward Marandola, Jr., Defendant pro se.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on April 6, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.[1] The defendant, Edward Marandola, Jr. (Edward or defendant), appeals from an order of the Family Court enforcing an arbitrator's decision that declared that it was reasonable for Edward to be required to pay for two years of private high school tuition for his son. The defendant argues on appeal that the Family Court did not have subject matter jurisdiction over the arbitration decision and that, in the alternative, if subject matter jurisdiction is deemed to exist, the trial justice erred in

---

1. The defendant, whose attorney in this case has withdrawn, failed to appear at the scheduled oral argument; thus, this case has been decided on the basis of the written filings of the parties.

automatically confirming the decision without properly reviewing it. After examining the record and memoranda submitted by the parties, we are satisfied that cause has not been shown and, thus, the appeal may be decided at this time.[2] For the reasons set forth below, we affirm the order of the Family Court.

### Facts and Travel

In 1996, Carmen K. (Marandola) Vanderheiden (Carmen or plaintiff) filed a divorce petition in the Family Court.[3] As part of the divorce settlement, the parties entered into a non-merged settlement agreement that set forth, in pertinent part, the rights and duties of the parties that pertain to their four minor children's educational and related expenses. Paragraph nine provides:

"A. *Grammar and High School Education.* The Husband shall be responsible for the payment of all reasonable grammar and high school tuition and tutoring expenses for said minor children of the parties. The parties agree to discuss any and all issues regarding high school and to mutually select the appropriate high school for each attending child. If the parties are unable to mutually select and [sic] appropriate high school for each attending child, or as to what is reasonable, they agree to submit this matter to bind [sic] arbitration."

A final judgment was entered on March 27, 1997.

In 2003, the parties could not agree on which private high school their oldest child should attend for his sophomore year.

Edward wanted their son to attend LaSalle Academy in Providence, Rhode Island, for the 2003–2004 school term at a cost of $8,000 in tuition. Carmen wanted him to attend the Forman School, a private boarding school in Litchfield, Connecticut; the 2003–2004 tuition at that school was $40,000. The parties agreed, by consent order, that he would attend the Forman School for one year, but that Edward would pay only $8,000 toward the expense.

Their son continued at the Forman School for the 2004–2005 term. It appears from the record, however, that Edward did not make a payment for that year's tuition until June 2005, at which time the parties stipulated that Edward was immediately responsible for contributing a sum equal to the 2004–2005 tuition for LaSalle Academy. The parties also agreed that they would seek a determination in the Family Court whether Edward should be responsible for the Forman School's entire 2004–2005 tuition. On July 29, 2005, in accordance with yet another consent order issued by the Family Court, the parties agreed to arbitrate the issue of what were the "reasonable expenses" for their son's education for the completed 2004–2005 school term and for the then-upcoming 2005–2006 school term, pursuant to paragraph nine of their settlement agreement.

Although the arbitrator met with the parties in October 2005, memoranda from the parties were not provided until the spring of 2006. In a written decision issued on July 7, 2006, the arbitrator decided that the cost of attending the Forman

---

**2.** While this appeal was pending, defendant filed for relief from his creditors in the Bankruptcy Court for the District of Rhode Island. That filing has no effect on the case at bar as this issue pertains to child support. *See* 11 U.S.C. § 362(b)(2)(A)(ii) (recognizing that the filing of a bankruptcy petition will not operate as an automatic stay with respect to the establishment or modification of an order for domestic support).

**3.** We respectfully will refer to the parties by their first names.

School was a reasonable expense. Carmen filed a motion in the Family Court to enforce the arbitrator's decision, and Edward motioned the court to reconsider or, in the alternative, to set aside the arbitrator's decision.

Edward argued that the Family Court lacked subject matter jurisdiction to confirm or vacate an arbitration decision. Carmen countered that the Family Court had jurisdiction to enforce the property settlement agreement, which contained the arbitration provision, and also had jurisdiction by virtue of the subsequent consent order, in which the parties agreed to submit this issue to an arbitrator. On May 14, 2007, the trial justice determined that "the issue before the Court is not whether the Court should set aside the arbitrator's decision but should the Court enforce the parties' contract to be bound by the arbitrator's decision." The trial justice concluded that because the parties agreed on July 29, 2005, to submit this issue to arbitration, the arbitrator's decision would be enforced. This timely appeal followed.

### Analysis

### A

### Jurisdiction of the Family Court

■ Edward's first argument on appeal is that the Family Court does not have subject-matter jurisdiction to confirm an arbitration decision under the Rhode Island Arbitration Act, as set forth in G.L. 1956 chapter 3 of title 10.[4] This argument, however, is misplaced. The Family Court did not order the parties to arbitrate, nor did it confirm an arbitration award; it merely enforced the property settlement agreement and subsequent consent order in which both parties agreed to submit their dispute to arbitration.

■ At the outset, we note that the arbitrator's decision was not an enforceable arbitration award; the arbitrator simply determined that "the cost of attending the Foreman [sic] School [is] in fact reasonable expenses in accordance with the lifestyle enjoyed by the parties" as evidenced by their property settlement agreement. The Family Court is a court of limited jurisdiction; the General Assembly specifically conferred upon it the power to review only certain categories of disputes. See G.L. 1956 § 8–10–3 (establishing jurisdiction of the Family Court). Section 8–10–3(a) provides in pertinent part, that the Family Court has the authority "to hear and determine * * * all motions for * * * support and custody of children" and additionally, it has jurisdiction over "property settlement agreements and all other contracts between persons, who at the time of execution of the contracts, were husband and wife * * *." Thus, the Family Court is vested with statutorily conferred authority to oversee proceedings relating to child support and property settlement agreements stemming from divorce actions. See Bowen v. Bowen, 675 A.2d 412, 414 (R.I. 1996) (recognizing that the Family Court clearly has subject matter jurisdiction to hear and determine all matters pertaining to property settlement agreements entered into between husbands and wives).

Additionally, this Court has stated on numerous occasions that non-merged property settlement agreements retain the characteristics of an ordinary contract.

---

4. See G.L. 1956 § 10–3–1 (entitled "The Arbitration Act"). The thrust of Edward's argument is that only the Superior Court has jurisdiction to review matters pertaining to arbitration because not only was the Family Court not in existence when the Arbitration Act was created, but also the act itself frequently references the Superior Court. We need not address these contentions, as they are not determinative of the outcome of this case.

*See Zaino v. Zaino,* 818 A.2d 630, 637 (R.I.2003); *Bowen,* 675 A.2d at 413. However, we also have noted that there is a fundamental difference between spousal agreements and ordinary business contracts; as a result, it is the Family Court's responsibility, when called upon to do so, to "monitor such agreements with special attention and with a concern for the equities of the situation." *Gorman v. Gorman,* 883 A.2d 732, 737 (R.I.2005).

██ In the case at bar, the parties freely entered into and agreed to be bound by the terms of their non-merged property settlement agreement. The portion of the agreement pertaining to educational expenses contained a clause stating that, if the parties could not agree on what constituted reasonable tuition expenses, then they would submit the issue to an arbitrator. Additionally, the parties reaffirmed their commitment to submit this issue to an arbitrator when they both agreed to the Family Court's July 29, 2005 consent order. "[A]lthough [a consent order] 'receives a court's imprimatur,' [it] is 'in essence a contract' and therefore must 'be construed as a contract * * *.'" *Now Courier, LLC v. Better Carrier Corp.,* 965 A.2d 429, 435 (R.I.2009) (quoting *Trahan v. Trahan,* 455 A.2d 1307, 1310 (R.I.1983)).

We are of the opinion that defendant is bound by the terms of his property settlement agreement as well as by the subsequent consent order. We note that Edward failed to raise any contractual defenses before the trial justice. *See Zaino,* 818 A.2d at 637 (recognizing property settlement agreements may be rescinded because of fraud or trickery); *In re McBurney Law Services, Inc.,* 798 A.2d 877, 882 (R.I.2002) (noting that consent orders "can not be 'opened, changed or set aside without the assent of the parties in the absence of fraud, mutual mistake or actual absence of consent[.]' ")

(quoting *Douglas Construction and Supply Corp. v. Wholesale Center of North Main Street, Inc.,* 119 R.I. 449, 452, 379 A.2d 917, 918 (R.I.1977)). Thus, these defenses are deemed waived, based on this Court's "raise or waive" rule. *See Waterman v. Caprio,* 983 A.2d 841, 847–48 (R.I.2009) (recognizing that parties cannot raise an issue on appeal that was not brought to the attention of the trial justice).

██ It is not the function of this Court, or the Family Court, to set aside a property settlement agreement or consent order simply because a party no longer wishes to be bound by its terms or is unhappy with the result. The defendant's contention that the Family Court lacked subject matter jurisdiction over the issues in this case is erroneous.

**B**

**Review of Arbitrator's Decision**

██ Edward's second contention on appeal is that the trial justice committed reversible error when he determined that because the parties agreed to binding arbitration, the arbitrator's decision was insulated from any review and therefore was confirmed. Although we agree that the trial justice did not perform any meaningful review of the arbitrator's decision, we are not persuaded that this omission amounts to reversible error.

During the hearing, the trial justice declared:

"The Court finds that the issue before the Court is not whether the Court should set aside the arbitrator's decision but should the Court enforce the parties' contract to be bound by the arbitrator's decision.

" * * *

"The Court finds that since the parties agreed to be bound by the arbitrator's decision the defendant's motion to set aside the arbitrator's decision is denied."

We are satisfied that the trial justice failed to review the arbitrator's decision in accordance with established child support principles, but rather simply, relied on the parties' agreement to seek arbitration in the first place.

■ The property settlement agreement provides that Edward was responsible for the payment of all reasonable education expenses of his children. This is a form of child support and such awards are considered in light of established child support guidelines. *Koziol v. Koziol* 720 A.2d 230, 233 (R.I.1998). The child support guidelines encourage Family Court justices to exercise broad discretion and to take appropriate action, when application of the guidelines would be inequitable to the child or the parties. *Id.* Thus, we are of the opinion that the hearing justice should have reviewed the arbitrator's decision to determine whether his conclusion was inequitable to the parties or was in the child's best interest.

We equally are satisfied, however, that the trial justice's error was harmless. There is no evidence in the record before us demonstrating that the arbitrator's decision was not in their son's best interests; both parties agreed that he should remain at the Forman School. Additionally, there is no suggestion that the arbitrator's decision was inequitable to Edward. The arbitrator noted in his decision that:

"As of July 29, 2005, from the pleadings reviewed * * * [Edward] had at no time since 1996 motioned the Family Court to review the issue of * * * reduction of support and/or filed any type of objection to the minor child * * * attending Foreman [*sic*] School. There-fore the sole issue for determination is whether or not the tuition cost * * * for the child to attend Foreman [*sic*] School are 'reasonable' expenses. * * * At the time said Agreement was executed * * * the [defendant] had annual gross income of between $3,000,000 and $4,000,000. * * * Both Memorandums provided by counsel indicate that the cost to attend Foreman [*sic*] School is approximately $40,000 per year. Based on the foregoing it is the opinion of the Arbitrator that the parties mutually agreed to allow the child to attend Foreman [*sic*] School, and having reviewed the contents of the Property Settlement Agreement, the Arbitrator finds that the cost of attending Foreman [*sic*] School are in fact reasonable expenses in accordance with the lifestyle enjoyed by the parties as evidence by the Property Settlement Agreement * * *."

After the arbitrator made his decision, Edward argued to the trial justice that his income had substantially decreased since 1996, when he entered into the property settlement agreement. This, however, is of no consequence about whether the arbitrator's decision, or the order that subsequently entered was inequitable.

### Conclusion

For the reasons stated in this opinion, we affirm the order of the Family Court and direct that the record be remanded to the Family Court for proceedings consistent with this decision.

Justice INDEGLIA took no part in the consideration or decision of this appeal.