June 9, 2021

**Supreme Court**

No. 2019-463-Appeal.
(P 01-38)

Debora D'Alessandro              :

      v.              :

Douglas Caniglia.              :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Debora D'Alessandro          :

v.                           :

Douglas Caniglia.            :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on May 5, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Douglas Caniglia, appeals from a Family Court judgment entered in favor of the plaintiff, Debora D'Alessandro, granting her motion for relief after final judgment and ordering, *inter alia*, that the defendant comply with the terms of a previously entered consent order and pay one-half of private or Catholic school education for the parties' child, up to and including college.  On appeal, the defendant contends that the Family Court did not have subject-matter jurisdiction to enforce the consent order and that, even if subject-matter jurisdiction is deemed to exist, the trial justice erred in declining to permit parol evidence.  After

considering the parties' written and oral submissions, we conclude that cause has not been shown and proceed to decide the appeal at this time. For the reasons set forth in this opinion, we affirm the judgment of the Family Court.

## Facts and Travel

The parties have been divorced since June 2001, and there was at that time one minor children of the marriage, a son born in September 1999. They executed a property settlement agreement, which was approved by the Family Court and was "incorporated but * * * not * * * merged with the * * * [f]inal [j]udgment of [d]ivorce." The property settlement agreement granted the parties joint custody of their minor child; physical placement of the child was with plaintiff, and defendant was granted reasonable rights of visitation. The defendant was obligated to pay $400 per week in child support to plaintiff. The property settlement agreement also stated that "[t]he parties agree[] they shall share equally the private and/or parochial school expenses for the minor child."

The defendant's child-support obligation was modified by an order of the Family Court on March 11, 2002, and was "reduced from $400.00 per week to $325.00 per week[.]" After this modification order was entered, the record indicates a lull in activity for over five years, until a consent order was entered on April 25, 2007 (the consent order).

The consent order reflected an agreement between the parties that defendant's child-support obligations would be further modified to $225 per week, retroactive to November 29, 2002, and that the "child support adjustment is in consideration of [d]efendant agreeing to pay one-half of any and all private and or [C]atholic educational expenses, up to and including college." The consent order was "assented to as to form and substance" by the parties: Both they and their respective attorneys signed it, and a justice of the Family Court entered the consent order. The record reflects that defendant paid one-half tuition for the child's Catholic elementary, middle, and high school education. Although defendant never moved to vacate the consent order, he balked at contributing to his child's college tuition.[1]

On July 9, 2018, plaintiff filed a complaint for relief after final judgment, stating that the parties' child was enrolled at a private university and that $23,250 was owed for the fall 2018 tuition. The plaintiff alleged that defendant refused to

---

[1] The plaintiff, however, did move to vacate the consent order on October 24, 2007—only six months after it was entered—seemingly in response to a motion to adjudge in contempt filed by defendant. Essentially, defendant moved to adjudge plaintiff in contempt, arguing that she failed "to make payment under an Order dated February 21, 2002, requiring her to pay her portion of the Health Care Benefits[.]" The plaintiff then filed a motion to vacate the consent order, contending that defendant "intentionally withheld" his intention "to file claim against [p]laintiff for reimbursement of past medical insurance premiums." The defendant objected to the motion to vacate the consent order, and the Family Court denied both plaintiff's motion to vacate the consent order and defendant's motion to adjudge plaintiff in contempt.

pay the tuition and therefore, she contended, was in willful contempt of the consent order. The plaintiff requested that the Family Court find defendant in contempt and order him to pay his one-half share of the private university educational expenses. The defendant failed to answer the complaint, but filed an objection on September 20, 2018. On June 13, 2019, a hearing on plaintiff's motion commenced in the Family Court; the hearing continued on July 9, 2019, and September 10, 2019.

During the hearing, defendant advanced essentially the same arguments he raises on appeal. First, he maintained that the Family Court did not have jurisdiction to enter the consent order because it ordered defendant to pay college tuition. Second, he urged the trial justice to consider parol evidence in order to determine the parties' intent when they entered into the consent order. After the hearing, the trial justice found that the consent order was a valid and enforceable contract between the parties and that, based on the clear and unambiguous language contained therein, defendant "agreed to pay half of any and all private and/or Catholic educational expenses up to and including college." The trial justice declined to hear parol evidence surrounding the consent order, stating that she would not "get into negotiations" and must enforce the plain language of the consent order. She also noted that defendant partially performed the contract for

many years by paying the reduced child support of $225 per week and paying for the minor child's elementary, middle, and high school Catholic education.

Based on her findings, the trial justice directed defendant to comply with his obligations under the consent order; she ordered him to pay one-half of the private or Catholic educational expenses for his child, including college. Judgment granting plaintiff's complaint for relief entered on October 24, 2019, and defendant timely appealed.

## Jurisdiction of the Family Court

The defendant first contends that the Family Court did not have subject-matter jurisdiction to enforce the consent order because the Family Court is a court of limited jurisdiction and cannot enter or enforce educational costs upon a party for college tuition. This argument is misplaced. The Family Court did not compel defendant to pay for his son's college educational expenses. Rather, it merely enforced the consent order, which amended the property settlement agreement, modified defendant's child-support obligations, and reflected the parties' agreement to pay for college.

"The Family Court is a court of limited jurisdiction; the General Assembly specifically conferred upon it the power to review only certain categories of disputes." *Vanderheiden v. Marandola*, 994 A.2d 74, 77 (R.I. 2010). Among those disputes that the Family Court is authorized to hear are "all motions for * * *

support * * * of children," and direct performance of "property settlement agreements and all other contracts between persons, who at the time of execution of the contracts, were husband and wife[.]" General Laws 1956 § 8-10-3(a). Here, the parties—while still legally married—entered into a nonmerged property settlement agreement, whereby the parties agreed that "they shall share equally the private and/or parochial school expenses for the minor child." Subsequently, through the consent order, the parties agreed to each pay for one-half of private or Catholic educational expenses, up to and including college, which obligated defendant to pay for educational costs beyond that which is statutorily provided.[2]

The parties were free to contract to whatever terms they wished in the consent order—provided the Family Court gave its imprimatur—and the Family Court had jurisdiction to enter and enforce the consent order. *Cf. Hovarth v. Craddock*, 828 A.2d 1212, 1215 (R.I. 2003) (holding that the Family Court did not have jurisdiction to review a motion for an accounting where the property settlement agreement did not contain any reference to the child's accounts).

---

[2] We pause to recognize that the Family Court is generally limited to ordering payment of "education costs for children until they reach age eighteen or for three months after their high school graduation, whichever event occurs last." *Hovarth v. Craddock*, 828 A.2d 1212, 1215 (R.I. 2003); *see* G.L. 1956 § 8-10-3(a) (limiting allowance for educational costs up to ninety days after high school graduation and in no case later than nineteenth birthday). Accordingly, the Family Court would not be authorized to order a defendant to pay for college tuition beyond these statutory guidelines. However, under the facts of this case, the Family Court was authorized to direct compliance with, and performance of, the property settlement agreement and consent order.

Moreover, the consent order unambiguously provided that defendant's child-support obligations were *modified* in consideration of his agreeing to pay for one-half of his son's educational expenses, including college; this conclusively establishes that the consent order constitutes a contractual amendment to the property settlement agreement.

Indeed, we have noted that although

> "non-merged property settlement agreements retain the characteristics of an ordinary contract[,] * * * there is a fundamental difference between spousal agreements and ordinary business contracts; as a result, it is the Family Court's responsibility, when called upon to do so, to 'monitor such agreements with special attention and with a concern for the equities of the situation.'" *Vanderheiden*, 994 A.2d at 77-78 (quoting *Gorman v. Gorman*, 883 A.2d 732, 737 (R.I. 2005)).

Here, defendant is bound by the terms of the property settlement agreement and the subsequent consent order. We conclude that the Family Court properly exercised jurisdiction in both entering and enforcing the consent order.

**Parol Evidence**

The defendant's second contention on appeal is that the trial justice erred when she refused to hear evidence regarding fraud and/or mistake before the consent order was executed because she concluded that such evidence would violate the parol evidence rule. A consent order "is 'in essence a contract' and therefore must 'be construed as a contract using the rules of construction

applicable thereto.'" *Now Courier, LLC v. Better Carrier Corp.*, 965 A.2d 429, 435 (R.I. 2009) (quoting *Trahan v. Trahan*, 455 A.2d 1307, 1310 (R.I. 1983)). Accordingly, the parol evidence rule bars the admission "of any previous or contemporaneous oral statements that attempt to modify" a consent order that represents a final and complete expression of the parties' agreement. *National Refrigeration, Inc. v. Standen Contracting, Company, Inc.*, 942 A.2d 968, 972 (R.I. 2008); *see Filippi v. Filippi*, 818 A.2d 608, 619 (R.I. 2003). We consider *de novo* whether the consent order was unambiguous. *Arnold v. Arnold*, 187 A.3d 299, 311 (R.I. 2018).

We agree with the trial justice that the defendant could not rely upon alleged oral agreements between the parties concerning child-support arrangements and educational expenses to excuse his nonperformance. The parol evidence rule barred the introduction of such evidence, and the defendant's vague assertions regarding alleged duress and mistake are unavailing. Based on the unambiguous language of the consent order, the trial justice correctly ruled that the defendant breached his contract to pay for one-half of his son's private university tuition.

## Conclusion

For the reasons stated in this opinion, we affirm the judgment in this case. The record shall be remanded to the Family Court.



STATE OF RHODE ISLAND

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Debora D'Alessandro v. Douglas Caniglia. |
| **Case Number** | No. 2019-463-Appeal. (P 01-38) |
| **Date Opinion Filed** | June 9, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Patricia K. Asquith |
| **Attorney(s) on Appeal** | For Plaintiff: Jesse Nason, Esq. |
| | For Defendant: Thomas R. DeSimone, Esq. |

SU-CMS-02A (revised June 2020)